### In re WARNOCK.

(District Court, W. D. Tennessee, W. D. March 2, 1917.)

No. 4348.

1. BANKRUPTCY ☞404(2)—DISCHARGE—RIGHT TO.

Where a bankrupt fails to apply in due time for a discharge, or is denied the discharge from debts provable in one proceeding, he cannot be discharged from such debts in a subsequent proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 690.]

2. BANKRUPTCY ☞391(1)—DISCHARGE—RIGHTS OF CREDITORS.

Bankr. Act July 1, 1898, c. 541, §§ 14, 65b, 30 Stat. 550, 563 (Comp. St. 1913, §§ 9598, 9649), while providing that a bankrupt shall not be granted more than one discharge in a voluntary proceeding within a period of six years, do not limit the number of petitions a debtor may file, nor their frequency. Section 17 (section 9601) declares that a discharge in bankruptcy shall relieve a bankrupt of all his provable debts. A bankrupt listed a debt not dischargeable in bankruptcy, and the creditor, instead of intervening in the bankruptcy court, proceeded by action at law in the state court. *Held* that, as the debtor might indefinitely prevent recovery on such claim, the creditor was not bound to go into the bankruptcy court and prove his claim, with a view to having it excluded from the order of discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–642, 644–648.]

In Bankruptcy. In the matter of the bankruptcy of A. G. Warnock. Petition by the bankrupt to restrain a creditor from proceeding in the state court. Application for injunction denied, and petition dismissed.

Dan F. Elliotte, of Memphis, Tenn., for petitioner.

Rhea P. Cary and John Vorder-Bruegge, both of Memphis, Tenn., for respondent.

McCALL, District Judge. On November 10, 1916, A. G. Warnock filed a voluntary petition in bankruptcy in this court, and was on that

date adjudicated a bankrupt. Among other debts against him, which he scheduled, was one in favor of Mrs. Frankie for $114. No assets were scheduled. It appears that just prior to the filing of the petition in bankruptcy, Mrs. Frankie, through her attorney, had brought suit on this claim before W. A. Taylor, a justice of the peace of Shelby county, Tenn. On February 17, 1917, the bankrupt presented a petition to this court, in which, among other things, it is alleged that Mrs. Frankie, "for the purpose of harassing, annoying, and working great injury to your petitioner, has, through her agents and employés, persisted in continuing the prosecution for collection of the aforesaid indebtedness, in the court of W. A. Taylor, a justice of the peace of Shelby county, Tenn., which has been placed in judgment for the sum of $127, and that said justice has upon said judgment issued a writ of garnishment, and the same has been levied upon the wages earned by your petitioner during the past 30 days, for the purpose of applying the same towards satisfying the judgment so rendered," in disregard of the pending proceedings in bankruptcy, and the bankruptcy law relating thereto, and prays that an order restraining Mrs. Frankie, her agents, and employés, from seeking to enforce the judgment by writ of garnishment or otherwise, against any property belonging to your petitioner, acquired since the date of the adjudication, and that they be required to release and withdraw the writ of garnishment.

The restraining order was issued in accordance with the prayer of the petitioner, and notice thereof served upon Mrs. Frankie, her agents, and employés, commanding them to appear before this court on the 1st day of March, 1917, and show cause, if any, why the injunction should not be made permanent. On March 1, 1917, Mrs. Frankie filed an answer, which admits practically all the allegations in the petition that are necessary to be noticed here, and sets up as a defense that on January 9, 1915, the bankrupt filed a voluntary petition in bankruptcy in this court, and scheduled as one of the debts against him this same debt of Mrs. Frankie that is scheduled in the petition filed November 10, 1916; that he did not apply for, nor did he obtain, a discharge in said proceedings begun January 9, 1915, and pleads said former petition in bankruptcy, the schedule of the debt now in question, and the failure to obtain a discharge, as a bar to the right of the petitioner to stay the proceedings in the justice of the peace court, upon the ground that, having failed to obtain a discharge in the former proceedings, the debt now in question is not dischargeable in bankruptcy, that question being res adjudicata, and insists that the respondent is at liberty to prosecute the same to judgment and collection, notwithstanding the pendency of the present proceeding in bankruptcy.

[1] The law is, as I understand it, that where a bankrupt fails to apply in due time for a discharge, or is denied a discharge, from debts provable in one proceeding, he cannot be granted a discharge from such debts in a subsequent proceeding. Collier on Bankruptcy (9th Ed.) 318; In re Loughran (D. C.) 215 Fed. 271; Siebert v. Dahlberg, 218 Fed. 793, 134 C. C. A. 460; Pollet v. Cosel, 179 Fed. 488, 103 C. C. A. 68, 30 L. R. A. (N. S.) 1164; In re Bacon, 193 Fed. 34, 113

C. C. A. 358. In Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477 (Eighth Circuit) the court said:

"A failure of the bankrupt to apply in due time for, or a refusal by the court to grant, a discharge from debts provable * * * under one petition in bankruptcy, renders the question of the right * * * to a discharge from those debts in a proceeding under a subsequent petition res adjudicatâ."

[2] From the facts stated it would follow that the debt now in question is not dischargeable in bankruptcy. Not being a debt dischargeable in bankruptcy, the creditor is not required to come into a bankruptcy court and prove his claim, with a view of having it excluded from the order of discharge, if and when it is made, as the only method by which he may save it from going up in smoke.

It is stated in the petition for the restraining order that the indebtedness due Mrs. Frankie was included in the schedule of debts filed by the bankrupt, and the creditor duly notified of the meeting of creditors, but that she declined and refused to enter an appearance in the bankruptcy proceedings, but proceeded with the prosecution of the suit begun against the bankrupt before the justice of the peace of Shelby county, Tenn., and prosecuted it to judgment, from which execution was issued and levied by garnishment upon the bankrupt's wages. I think that the creditor, under the facts in this case, may have gone either into the bankruptcy proceedings and proven her claim, with a view of having it excluded from an order of discharge, as she might have done, or since her claim was not a dischargeable one, she may have proceeded to collect it by suit at law, which she did, notwithstanding the pendency of the bankruptcy proceedings. In re Loughran, supra.

It is insisted by counsel for the bankrupt that the only course left open to the respondent was to have proven her claim in the bankruptcy proceedings, and then, when application was made for a discharge, objected upon the ground that her debt was not dischargeable in bankruptcy, for the reasons hereinbefore stated, and had the discharge limited, thus saving her debt therefrom. Assuming this to be correct, the effect of it would be to postpone the respondent in the collection of her debt for at least 12 months from the filing of the petition in bankruptcy, and probably 18; or it might happen that the bankrupt, as he did in his former proceeding, fail or decline to make an application for a discharge, and at the expiration of the time within which to file his application for a discharge, file a third petition in bankruptcy, and again postpone the plaintiff in the collection of her indebtedness, and thus ad infinitum, although it has not been a debt dischargeable in bankruptcy, since the filing of the first petition, or since the expiration of the 18 months thereafter. In such circumstance, a holder of a nondischargeable debt could make no progress in its collection, if he had no remedy other than to file and prove his claim in each succeeding proceedings in bankruptcy, which his debtor might choose to institute, for the purpose of being in a position to insist on a limited discharge; there being no limit to the number of petitions a debtor may file in bankruptcy, nor of their frequency,

except he may not be granted more than one discharge in a voluntary proceeding within a period of 6 years.    Bankruptcy Act 1898, §§ 14, 65b.

And again section 17 of said act provides that "a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as," etc., and then is set out specifically the character of debts not dischargeable. It could not with reason be insisted that the holder of a debt, exempted by section 17 from a discharge, would be estopped from proceeding at law to collect it, on the ground that the debtor had filed a voluntary petition in bankruptcy, and had been adjudicated a bankrupt, in which proceeding said debt was scheduled. If this be true, it would seem to follow that any other character of debt, which had become nondischargeable, because of some act on the part of the debtor, might be prosecuted to judgment in a forum other than that of a court of bankruptcy, and independent of it, notwithstanding the pendency of a bankruptcy proceeding, in which said debt had been scheduled by the bankrupt. The contention of counsel for the bankrupt I do not think is sound.

A decree will be entered, vacating the stay order issued in this case, denying the application for an injunction, and dismissing the petition, with costs to the petitioner.