### GREAT AMERICAN INS. CO. v. GLENWOOD IRR. CO.

(Circuit Court of Appeals, Eighth Circuit. April 29, 1920.)

No. 5441.

1. **Appeal and error** ⊗⇒181—**Power to notice errors not properly preserved is discretionary, and exercised only for obvious errors.**

The exercise of the power given the Circuit Court of Appeals, under rule 11 (188 Fed. ix, 109 C. C. A. ix), to notice errors not properly preserved, is purely discretionary, and such discretion should not be exercised, unless it is obvious that substantial error exists.

2. **Fires** ⊗⇒7—**If statute imposes liability irrespective of negligence, petition alleging negligence not based on statute.**

If Rev. St. Colo. 1908, § 2070, making any person setting on fire any woods or prairie liable to make satisfaction for any damage, imposes liability independent of negligence, then a petition based on negligence is not founded on the statute.

3. **Trial** ⊗⇒214—**Failure to give charge based on statute not error, when statute not called to court's attention.**

In an action for damages from fire, the failure to charge that the leaving of an unextinguished fire authorized recovery, irrespective of negligence, was not error, assuming that Rev. St. Colo. 1908, § 2070, made a violation thereof negligence per se, where the statute was not called to the trial court's attention.

4. **Evidence** ⊗⇒52—**Judicial notice does not dispense with necessity of calling statute to court's attention.**

The rule that federal courts take judicial notice of state statutes means that the federal court will apply the statute, without formal proof of its existence and contents, and does not mean that the court must know and apply at all times every statute of the state, without having the existence and contents of the statute brought to its attention at the proper time.

5. **Appeal and error** ⊗⇒907(1)—**Presumption not indulged that statute was called to court's attention.**

Where the record does not show that a statute relied on as showing error was brought to the court's attention, it cannot be concluded that the court knew of and rejected the application of the statute, as this would be presuming error without basis in the record.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the Great American Insurance Company against the Glenwood Irrigation Company. Judgment for defendant, and plaintiff brings error. Affirmed.

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Pierpont Fuller, of Denver, Colo. (Henry T. Rogers, Daniel B. Ellis, and Lewis B. Johnson, all of Denver, Colo., on the brief), for plaintiff in error.

E. L. Clover, of Denver, Colo., for defendant in error.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

STONE, Circuit Judge. Error from judgment entered on verdict denying recovery for fire damage to a bridge. The only errors here pressed relate to the refusal of requested instructions, and the charge as given. All objections relate to one matter, and present the single point of whether the jury should have been charged that the leaving of an unextinguished fire authorized recovery, irrespective of negligence in so doing, because the state statute required the extinguishment of such fires.

[1] The record is barren of exception taken to the refusal to charge, or to the charge as given, and counsel ask this court, under rule 11 (188 Fed. ix, 109 C. C. A. ix), to notice what is claimed to be an obvious and substantial error. The exercise of the power given the court under this rule to notice errors not properly preserved is, of course, purely discretionary. That discretion should never be exercised, unless it is obvious that substantial error exists. The petition was framed upon the theory of a negligent failure to extinguish the fire, and evidence was introduced intended to show the conditions (such as wind, inflammable material, and proximity to the burned bridge) surrounding the leaving of the fire. The record contains no suggestion of any reliance upon the statute, until presentation of the requested instructions. One of these declared that—

"it was the duty of the agents of the defendant, under the facts shown in the evidence, to fully extinguish such fire, and that if, through the failure of the defendant's agents to do so, such fire revived and spread to, and consumed, the property of the plaintiff, the defendant is liable, because of its negligence."

The other declared that—

"it was negligence on the part of the defendant to leave a fire unextinguished."

The court charged:

"You notice in this complaint, drawn by learned counsel, that it does not simply charge that the defendant, through its agents and servants, set out this fire and failed to extinguish this fire, but it charges that the servants negligently set it out and negligently failed to extinguish it. In other words, the plaintiff's counsel recognized the necessity of coming within the principles of law applicable to conditions presented here, and that the burden was on it to show, not only that the defendant did this, through its agents and servants, but that what it did through its agents and servants was what the law holds to be negligence. Now it is, of course, necessary for you to know what that means when it is charged that an act is a negligent act, and the law has a very pronounced and specific definition. It says that any act done by one person to the injury of another person is a negligent act, if a reasonably prudent person would not, under the surrounding circumstances, have done that particular act. If a reasonably prudent person would have done the act, the law does not denounce it as a negligent act, and therefore the party who did the act—the act which a reasonably prudent person

would have done under the surrounding circumstances—it is not liable for any damages, although damages may flow from and be the result of that act. But if the act which he did, or the duty which he failed to perform, was under the circumstances an act or a duty which a reasonably prudent person would not have done, or would have failed to perform, and damages flow from it, he is negligent."

"Now, that is the theory on which this suit is based, and of course the plaintiff, to recover, must establish these things: It must establish that the defendant's servants made or set out that fire, and that it was negligence in them to set it out, or that it was negligence in them to go away and not extinguish it, and that on account of that negligence that fire escaped through this dead grass and underbrush, and was communicated to and consumed this bridge."

"Now, if the plaintiff has satisfied you by a preponderance or greater weight of the testimony in this case that the defendant's servants set out this fire, and that it was negligence to do so; or that, having set it out, they went away without extinguishing it, and it was negligence to do so, and that therefrom it communicated to and burned this bridge, you must return a verdict in favor of the plaintiff."

The state statutes relied on are sections 2070, 2635, 2652, and 2737 of the Revised Statutes of Colorado of 1908, which are as follows:

"2070. *Damages from Fire Set in Woods or Prairie.*—Section 15. If any person shall set on fire any woods or prairie, so as to damage any other person, such person shall make satisfaction for the damage to the party injured, to be recovered in an action before any court of competent jurisdiction."

"2635. *No Unguarded Fire Allowed.*—Section 10. No open fires not sufficiently guarded to prevent spreading shall be allowed in any forest area in this state, and all live coals emptied from any stove or remaining from any open fire shall be at once completely extinguished with water before leaving."

"2652. *Guard Lines to Protect Forests from Fires.*—Section 27. Any person who shall start or cause or suffer to be started any fire on his own premises or elsewhere, in or near any woodland, forest or prairie, without having first prepared a good and sufficient guard line, by ploughing or otherwise around the place where the fire is to be started, sufficient to prevent the spreading of fire beyond the guard line, shall be deemed guilty of a misdemeanor. All camp fires must be totally extinguished before breaking camp."

"2737. *Fires—Camp Fires—Restricted.*—Section 13. No person shall set fire to any timber or grass on land belonging to this state or to the United States, or set fire in any place where it is liable to spread to such timber or grass, nor leave any camp fire unextinguished, and every officer having authority in relation to timber or timber reserves of the United States shall have the same authority under this act as a deputy warden."

[2-5] Section 2070 is the only one of the above statutes which properly can be applied under the facts shown by the evidence, which are that this fire was set where there were dry weeds and grass, with some willows and a few cottonwood trees, in a lowland bordering a river, to burn grass and débris bordering and cleaned from an irrigation ditch. This statute has received no interpretation by the state courts, but we deem the meaning of that section to be that the liability exists independent of negligence; but if it be regarded as meaning simply that a violation of the statute shall constitute negligence per se the result is unchanged. If the former interpretation is correct, then a petition based on negligence is not founded on the statute. If the latter interpretation is correct, then the record fails to show that the statute was at any time called to the attention of the

trial court. A trial court cannot be convicted of error for something not brought to its attention. Nor is this met by the proposition that federal courts take judicial notice of state statutes. Judicial notice, as applied to such a situation, means that the federal court will apply the state statutes without formal proof of their existence and contents. It does not mean that the court must know and apply at all times every statute of the state, without having the existence and contents of such statutes brought to its attention at a proper time. The record is silent as to such action, and we should not conclude, without showing in the record, that the court knew of and rejected the application of this statute, because to do so would be to presume error without basis in the record.

Upon either interpretation of the statute, the case should be and is affirmed.