## In re WROBEL.
### No. 26257.

District Court, E. D. New York.

Dec. 3, 1936.

Isidor Margolis, of New York City, for petitioner.

Frank H. Reuman, of New York City, for bankrupt.

MOSCOWITZ, District Judge.

This is a motion made by one David B. Rubin, a creditor of Benjamin Wrobel, the bankrupt, for the following relief: "For an Order declaring the discharge in bankruptcy herein to be null and void and of no effect."

The notice of motion upon which this motion was based is dated November 2, 1936, at which time it was argued.

On July 27, 1934, upon notice to Rubin as well as his other creditors, the bankrupt was discharged. Rubin seeks to set aside the order of discharge upon the ground that Wrobel had procured a discharge in bankruptcy in this court in another proceeding on January 8, 1932.

At the time the application was made for a discharge in this proceeding, Rubin had knowledge of the prior discharge in bankruptcy. Had the court's attention been called to the fact that the bankrupt had been discharged of his debts and claims within the six-year period, his application for a discharge would have been denied pursuant to subdivision 5 of paragraph (b) of section 14 of the Bankruptcy Act, as amended in 1926 (title 11 U.S.C.A. § 32), which reads as follows: "(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard; and investigate the merits of the application and discharge the applicant, unless he * * * (5) has been granted a discharge in bankruptcy within six years."

The failure of the bankrupt to disclose his prior discharge constituted a fraud upon the court. His discharge could have been set aside if application had been made for that relief at any time within one year after his discharge as is provided in section 15 of the Bankruptcy Act (title 11 U.S.C.A. § 33), which reads as follows: "The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

In view of the fact that more than one year has elapsed since his discharge, the court is powerless to grant the motion vacating the discharge, as it is bound by section 15 of the Bankruptcy Act.

Motion denied. Settle order on notice.