**In re FORMAN.**

**No. 26744.**

District Court, E. D. New York.

May 27, 1942.

Peter J. Haberkorn, of New York City, for Louise Purssell, who claims to be a creditor, for the motion.

Duberstein & Schwartz, of Brooklyn, N. Y. (Max Schwartz, of Brooklyn, N. Y., of counsel), for Morris Forman, bankrupt-respondent opposed.

CAMPBELL, District Judge.

These are in reality two motions, made on behalf of Louis Purssell, who claims to be a creditor, and will be described herein as claimant, for orders, as follows:

I. Vacating and setting aside the order of this Court adjudicating Morris Forman a bankrupt on August 15, 1934, as well as the order of discharge dated the 20th day of September, 1933, upon the ground that such orders of this Court are a nullity in that this Court was without power to make the same. or in the alternative.

II. Re-opening the bankrupt estate of Morris Forman, upon the ground that there are unadministered assets of such bankrupt estate, willfully and fraudulently concealed by the bankrupt.

I will consider the motions in their order.

The facts are as follows:

On August 15, 1934, the bankrupt filed a voluntary petition in bankruptcy in this Court, and was adjudicated a bankrupt on that date. Accompanying such petition were, schedules of the bankrupt's assets and liabilities, which were filed on the same day, and in which were set forth, with others, certain liabilities incurred by the bankrupt, by reason of his having been a member of the copartnership of L. Forman & Sons, one of which was, an obligation to Harry N. Cohen, on a promissory note payable to the order of Harry N. Cohen in the sum of $15,856.87.

On January 13, 1931, an involuntary petition in bankruptcy was filed in the United States District Court for the Southern District of New York, in which proceedings an order of adjudication was entered against "Louis Forman, Leon Forman and Morris Forman, copartners trading as L. Forman & Sons", in which proceeding a composition was thereafter confirmed.

There is a dispute as to whether the composition was by the said Formans only as members of the firm, or by them individually, and as members of the firm, but it is not necessary for me to decide that question, as it is not controlling here, at this time.

The note in question here was made to the order of said Harry N. Cohen, and was dated November 27, 1933, and was due six months from that date.

The claimant, Louise Purssell, claims to have received the note from her husband a few days after November 27, 1933.

I requested an affidavit from her stating how she became the owner and holder of the notes in question, but the affidavit submitted alleged only that she was the owner, but not how she became the owner.

The claimant never presented the note for payment, nor did she ever notify the bankrupt of her claim to ownership until March 21, 1942, when her counsel wrote the bankrupt. This was over eight years and three months after the date of the note; seven years and nine months after it became due, and over 6 years and 6 months

after a discharge was granted to the bankrupt, on September 20, 1935.

Harry N. Cohen, the husband of said claimant, departed this life on April 17, 1936; over 5 years and 11 months prior to the sending, by the said attorney, of said letter to the bankrupt; and about 7 months after the bankrupt's discharge.

The said Harry N. Cohen was listed as a creditor, and had notice of the bankruptcy proceedings of the said bankrupt in this proceeding mailed to him at 72-34 Austin Street, Forest Hills, L. I.

The bankrupt and others were examined at length as to his assets and possible interest in corporations, and with respect to any interest in, or the ownership in, real estate, the transcribed stenographer's minutes of which examinations are not now to be found in the clerk's office of this Court, nor have any of the attorneys who appeared on such examination a copy thereof, and they cannot be replaced, as the original minutes of the stenographer have been destroyed, due to length of time that has elapsed since the examination was had.

The Court had jurisdiction of the individual bankruptcy proceeding in this district. Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390; In re Wrobel, D.C., 18 F.Supp. 623; In re Early, D.C., 34 F.Supp. 774; In re Brown, D.C., 35 F.Supp. 619.

The case of In re Federman, 2 Cir., 119 F. 2d 754, cited on behalf of the claimant, is not in point, but is clearly distinguished on the facts, as in that case the Court lacked jurisdiction, because the bankrupt did not show the required residence in this district.

While it is true that if proper objection had been duly and seasonably made, the discharge might not have been granted as to debts which if any had been discharged in the proceeding in the Southern District that did not deprive the Court of jurisdiction, but the granting of the discharge was one of the questions the Court had to determine, and the remedy if aggrieved was to petition to review the order of the Referee, or as provided by Section 15 of the Bankruptcy Act, Title 11, § 33, U.S.C.A., if the claimant could bring herself under the provisions of that Section, which reads as follows:

"§ 33. *Discharges, when revoked*

"The court may, upon the application of parties in interest who have not been guilty

of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

This motion was not made within one year after the discharge, and that section is a statute of limitation. In re Wrobel, D.C., 18 F.Supp. 623.

The claimant has been guilty of undue laches, notice of this motion not having been given for over 6 years and 6 months after the discharge. The discharge was not obtained by fraud. Fraud is frequently mentioned in the papers of the moving party, but no facts are alleged which furnish any proof of fraud. Certainly there was no fraud, but at most an error, if the bankrupt had been discharged formerly in the proceeding in the Southern District as to an overwhelming portion of the claims scheduled, as there is no allegation to the contrary in the petition as filed, and the bankrupt might well have believed, even if it was not so, that he was not discharged individually of his debts in said proceeding in the Southern District.

If the note had been assigned, endorsed over, or given to the claimant by her husband, before the individual bankruptcy proceedings had been instituted in this district, it seems to be impossible to escape the conviction that he would have told her of such bankruptcy proceedings.

The second motion presents a different question, and one that should be liberally considered, but before granting a motion to re-open it must appear that the claimant is financially interested, as owner of the said note, and further, that there are unadministered assets of the bankrupt, or at least evidence from which it could be reasonably believed that there was property of the bankrupt that was unadministered. The claimant should show how she became the owner of the note, as no order to re-open should be granted under all the circumstances and the great delay in asserting her claim.

The opening of the case rests in the discretion of the Court, and while the bankrupt has no interest in the property, or right to object, he should not be unreasonably harrassed by an examination as to matters as to which he has been fully examined.

An estate should be reopened only if it be shown that there is property of the bankrupt that has not been administered, or at least that there are reasonable grounds to believe that to be a fact. This is not done by simply citing suspicions and possibilities, and the evidence in this case rises no higher than that.

In my opinion the claimant, by the affidavits offered on her behalf, presents no reasonable grounds of belief of success, and the order to reopen should not be granted. In re Kweit (In re Perussi), D.C., 43 F.Supp. 585; In re Mansfield, D.C., 36 F.Supp. 296; In re Early, D.C., 34 F.Supp. 774.

The husband of the claimant was familiar with the bankrupt's business and affairs, and made no move in the case, and that supports my opinion.

The first motion to vacate and set aside is denied.

The second, or alternative motion, to reopen is denied, but without prejudice to a renewal if the claimant can make proper proof of ownership of the note in question, and how it was acquired, and that there are assets of the bankrupt that are unadministered, or at least that there are reasonable grounds to believe that such is the fact.