## COLWELL v. EPSTEIN et al.

### No. 3961.

Circuit Court of Appeals, First Circuit.

April 18, 1944.

Joseph G. Crane, of Boston, Mass. (Edward T. Cauley, of Boston, Mass., of counsel), for appellant.

Sydney S. Epstein and I. J. Gornstein, both of Boston, Mass., for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The question presented is whether debts provable in a bankruptcy proceeding which had been dismissed on the ground that the bankrupt failed to make a deposit for expenses are dischargeable in a subsequent voluntary proceeding.

The appellant filed a voluntary petition in bankruptcy on August 16, 1939, and was adjudicated a bankrupt. No further action was taken on this petition until April 26, 1940, when an order was entered dismissing it for failure of the bankrupt to make the required deposit for expenses. On October 31, 1941, the appellant filed a second voluntary petition listing among others certain debts which were provable in the earlier proceeding. The District Court entered its order of partial discharge freeing the appellant from all debts and claims provable against his estate except such debts as are by law excepted by the operation of a discharge and excepting also such debts as were provable in the prior proceeding. Appeal has been taken from that order.

Section 14 of the Bankruptcy Act prior to its amendment by the Chandler Act of 1938, 11 U.S.C.A. § 32, required the bankrupt to file a separate petition for discharge within twelve months, or within eighteen months under certain conditions, from the date of the adjudication. If no discharge were granted and a second petition in bankruptcy filed, it has been held repeatedly that the debts listed in the first proceeding were not dischargeable in the second. In Pollet v. Cosel, 1 Cir., 1910, 179 F. 488, 30 L.R.A.,N.S., 1164, it was held that the bankrupt was not entitled to a discharge in a second proceeding from debts provable in a prior bankruptcy proceeding in which a petition for discharge was dismissed on the ground that the bankrupt had failed to prosecute, citing In re Fiegen-

baum, 2 Cir., 1903, 121 F. 69; Kuntz v. Young, 8 Cir., 1904, 131 F. 719; In re Kuffler, 2 Cir., 1907, 151 F. 12. The reasons given for those decisions were the time limitation in the statute itself and the doctrine of res judicata. In them the courts pointed out that to grant a discharge in the second proceeding from debts provable in the earlier proceeding where no application for discharge had been made, would empower the bankrupt effectively to evade the statutory limitation and place within his control the time when he should act. This would operate as an enlargement of the time limit prescribed in the statute and would interfere with the speedy administration of the bankrupt estate. It would be contrary to the spirit and purpose of the statute. They also said that where the bankrupt fails to petition for a discharge the result is in effect a judgment by default in favor of his creditors that he was not entitled to a discharge from their claims. Such a judgment is as forceful as a judgment after trial and is conclusively res judicata between him and the creditors whose claims are listed in the bankruptcy schedules. The result is that the issue presented in the second petition is the same as that which existed in the first and which had been decided against him and in favor of his creditors.

When the Bankruptcy Act was amended in 1938 the time for filing an application for discharge was changed and the amendment in § 14, sub. a, 11 U.S.C.A. § 32, sub. a, reads as follows: "The adjudication of any person, [other than] a corporation, shall operate as an application for a discharge." This change has destroyed some of the argument stressed in the cases decided prior to the amendment. It cannot now be said that the statute is circumvented by an enlargement of the limitation of time in which the application for discharge must be made. However, the second ground of res judicata is still effective. The House Report on the 1938 Amendment (H.R.Rep. 1409, 75th Cong., 1st Sess., 1937) contains no mention of the case law which had grown up under the Bankruptcy Act, and in no way revealed any intention on the part of Congress to overrule those decisions by legislation on its part.

Under the present Act the court is invested with jurisdiction to close estates where the indemnity necessary for the expenses of the proceeding have not been furnished; and to reopen estates for cause shown. 11 U.S.C.A. § 11, sub. a(8). The appellant did not pay the required deposit, and thus allowed the petition to lapse through his own fault; nor did he take advantage of the opportunity offered him by the Act itself in that he failed to file a motion to reopen the earlier proceeding. This failure on his part to follow the procedure available to him must be taken as the basis of a decision against him and his acquiescence in it.

This same question was before the court in the Second Circuit in Perlman v. 322 West Seventy-Second Street Co., 1942, 127 F.2d 716, where it was held under the doctrine of res judicata that a bankrupt whose estate is closed without his obtaining a discharge was in the same position as one whose discharge was denied. The court stated that the primary object of the bankrupt is to obtain a discharge, citing Freshman v. Atkins, 1925, 269 U.S. 121, 46 S. Ct. 41, 70 L.Ed. 193; that the burden is on the bankrupt to obtain the benefits of the Act by his own action, and that where the first petition was dismissed for lack of prosecution on the part of the bankrupt, he must suffer the consequences of his failure to prosecute his cause, and the matter is res judicata as between him and the creditors. To like effect is In re Brown, D.C.N.H.1940, 35 F.Supp. 619.

The decision of the District Court is affirmed.