## In re McDONALD.
### Nos. 64535, 68832.

District Court, D. Massachusetts.

May 17, 1945.

Samuel W. Gaffer, of Boston, Mass., for bankrupt.

SWEENEY, District Judge.

This bankrupt filed a petition in bankruptcy on May 8, 1940, and this petition was later dismissed by the Referee because the bankrupt failed to remit the fees called for by the Referee.

On February 24, 1944, the bankrupt filed a second voluntary petition in bankruptcy and on this petition a partial discharge is granted, exempting from the discharge those claims that have been listed in the first petition. This was proper under Colwell v. Epstein et al. 1 Cir., 142 F.2d 138.

The bankrupt has now filed a petition to reopen the first case so as to enter an order of dismissal without prejudice, in order that a full discharge may be granted in the second case. The dicta in Colwell v. Epstein et al. indicate that such action might be taken. However, I am of the opinion that any action to be taken to reopen the first case should have been taken before the second petition was filed, for if the time during which an order of dismissal might be reopened extended beyond the period of filing the second petition in bankruptcy, then we would have the possibility of two discharges of bankruptcy within a period of four years.

I accordingly conclude and rule, as a matter of law, that this Court is without power to reopen the first case and, hence, the bankrupt's petitions are both denied.