**GINSBERG v. THOMAS.**

No. 3625.

United States Court of Appeals
Tenth Circuit.

Sept. 9, 1948.

**2**

Thomas K. Hudson, of Denver, Colo., for appellant.

W. Richard Means, of Denver, Colo. (Albert S. Isbill, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges

HUXMAN, Circuit Judge.

This is an appeal from the judgment of the lower court denying appellant's motion to amend an order discharging a bankrupt entered March 26, 1936. The facts so far as material are simple and not in dispute. In 1931, Hubert Fletcher Thomas, the appellee, filed a bankruptcy proceeding in the District Court of the United States for the District of Colorado. Among the claims listed was the one now claimed by appellant, Charles Ginsberg. This claim was listed as follows:

"F. L. Kokrda Receiver of The Broadway National Bank of Denver, 1660 Stout Street, Denver, Colorado, unliquidated claim for damages on account of directors liability for loans in administration of Broadway National Bank, in sum of $526,-060.91, now pending in the District Court of the United States within and for the District of Colorado, being complaint in Equity No. 9250."

Thomas failed to apply for a discharge and on or about December 16, 1932, the bankruptcy proceedings were dismissed. Subsequent to that date, on August 20, 1935, he filed a second voluntary petition in bankruptcy in the same court. In this proceeding, he listed appellants' claim as follows:

"Charles Ginsberg, Symes Building, Denver, Colorado, assignee of judgment in favor of F. L. Kokrda, receiver of The Broadway National Bank of Denver, en-

tered February 20, 1935, on account of directors liability, $82,578.03 and costs with interests from date of entry * * * $82,578.03."

A timely application for a discharge was filed in this proceeding. Appellant received a copy of the application for the discharge. He made no appearance and entered no objections thereto. Thereafter, on or about March 25, 1936, a general discharge in bankruptcy was entered discharging appellant's claim, as well as other claims listed in the proceedings. No further steps with relation to this claim against appellee were taken by appellant until October 2, 1947, more than eleven years after the order of discharge was entered, when appellant filed a pleading in the District Court denominated "Motion of Creditor to Amend Discharge." In this motion he asked the court to modify its judgment of discharge to exclude therefrom the judgment of the receiver of the bank now claimed by. appellant by assignment. He has appealed from the judgment of the court refusing to modify the order of discharge.

Appellant's position is that appellee was not entitled to a discharge of this debt in the second proceeding because it was the same debt as was listed in the first proceeding in the name of F. L. Kokrda, Receiver, as an unliquidated claim in the amount of $526,060.91. The rule is now well settled that if a debt is provable in a bankruptcy proceeding and no discharge thereof is obtained, such debt is nondischargeable in a subsequent proceeding.[1]

Considerable attention is focused on the question whether the Kokrda debt listed in the first proceeding was provable and whether it was in fact the same debt as that listed in the second proceeding in the name of appellant. In view of the conclusions we have reached, it is not necessary to resolve this question and we will assume for the purpose of this opinion that the former claim was provable and that it was the same claim as that listed in the second proceeding in the name of appellant.

When appellee filed his petition for

---

[1] Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Chopnick v. Tokatyan, 2 Cir., 128 F.2d 521; Colwell v. Epstein et al., 1 Cir., 142 F.2d 138, 156 A.L.R. 836.

a discharge, it set in motion the judicial process which required the court to act upon the subject matter and to determine the issues presented thereby. The subject matter was appellee's right to a discharge. In the absence of any specific objection by a creditor, he was entitled to a general discharge of all debts except those enumerated in 11 U.S.C.A. § 35, sub. a, unless the court found that he was guilty of any one of the seven acts enumerated in 11 U.S.C.A. § 32, sub. c. It is conceded that his debt was not one of those falling within 11 U.S.C.A. § 35, sub. a, supra. The general discharge, therefore, was granted, including appellant's claim. It may be that the court erred in discharging him as to this debt because it was the same debt as was listed in the preceding bankruptcy proceeding. It may be conceded, for the purpose of this opinion, that the court should have for that reason excluded this claim from the discharge. But that only resulted in an erroneous judgment and no appeal having been taken and the time for an appeal or reconsideration of the judgment having long since expired, the judgment is final and impervious to any attack unless there are statutory provisions warranting appellant in asking the bankruptcy court for a reconsideration of its judgment more than eleven years after it was entered.

In Freshman v. Atkins, 269 U.S. 129, 46 S.Ct. 41, 70 L.Ed. 193, the Supreme Court said:

"A proceeding in bankruptcy has the characteristics of a suit."

By analogy, it follows therefore that an order of discharge has the characteristics of a judgment in a court of law and unless otherwise provided by statute is as to its finality controlled by the same principles that control judgments in courts of law or equity.

Appellant asserts that at the time the discharge in the second bankruptcy proceeding was before the court, it should have taken judicial notice of the prior proceedings in the same court and should have refused to discharge this claim. It is, of course, well settled that a court takes judicial notice of its own records but that does not mean that it has them actually in mind when they are pertinent in a subsequent proceeding or that failing to have them in mind and failing to act with relation thereto will make its judgment void. It is still the duty of one who relies on such preceding records to call the court's attention thereto,[2] and he is not relieved therefrom because of the principle that courts take judicial notice of their records. Failure to note them in such case merely leads to an erroneous judgment in case the preceding records would require a different result. The judgment of the court in such cases, however, is not void.

Neither Freshman v. Atkins, supra, nor In re Warnock, 6 Cir., 239 F. 779, upon which appellant relies, are authority for the proposition that there is no duty on the creditor to call the court's attention to the fact that a claim sought to be discharged was listed in a former proceeding in which no discharge was obtained.

In Re Forman, D.C., 45 F.Supp. 295, 296, the court said:

"While it is true that if proper objection had been duly and seasonably made, the discharge might not have been granted as to debts which if any had been discharged in the proceeding in the Southern District that did not deprive the Court of jurisdiction, but the granting of the discharge was one of the questions the Court had to determine, and the remedy if aggrieved was to petition to review the order of the Referee, * * *" See also Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A.,N.S, 629.

The order of discharge was an adjudication that the debt in question was dischargeable and became a final judgment when not challenged by petition for review, and is now impervious to any attack unless there are other statutory provisions authorizing the appellant to move for reconsideration thereof.

Appellant contends that he did not seek to have the trial court set the discharge

---

aside and that all he asked was a modification thereof. This reasoning attempts a distinction without a difference. Call it modification or what you will, what he asked was that the court remove the effect of the discharge from his claim. This could be done only by setting aside the discharge as to this claim.

 We think that the only right a creditor has to ask a court to set aside in whole or in part an order of discharge after the time to petition for review thereof has expired is found in Section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33, which provides:

"Discharges, when revoked The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

This section is a statute of limitation and precludes the revocation of a discharge for any cause after one year from the granting of a discharge.[3] Appellant seeks to escape the impact of this section by the assertion that his application for a modification of the discharge was not based upon fraud. He, however, argues throughout his brief that it was the duty of appellee to inform the court of the listing of his claim in the prior bankruptcy proceeding. In Re Wrobel, D.C., 18 F.Supp., 623, it was held that the failure of the bankrupt to call the court's attention to a prior discharge constituted a fraud upon the court. It is not necessary, however, to consider whether appellee's failure to call the court's attention to the prior proceeding if he failed to do so, constituted a fraud. The above section is cited to show that in the case of fraud, the most tainted transaction in a judicial proceeding, a limitation of one year is placed upon the right of anyone to challenge the discharge. It is difficult to conclude that the law gives a greater right to challenge a discharge when no fraud was committed by the bankrupt than it does when the bankrupt was guilty of wilful fraud.

 Appellant predicates his right to challenge the discharge more than eleven years after it was entered and the estate was closed upon 11 U.S.C.A. § 11, sub. a (15) and sub. b. These sections confer no such right.

Section 11, sub. a(15) provides:

"Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title: Provided, however, That an injunction to restrain a court may be issued by the judge only;"

This has been referred to as an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the due administration of a bankruptcy proceeding.[4] Obviously, it is limited in its application to proceedings during the course of administration and was never intended to confer power to challenge a final judgment which has stood for eleven years.

11 U.S.C.A. § 11, sub. b, provides:

"Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

 A casual reading of this section makes it clear that it was not intended to affect other powers of the bankruptcy court not enumerated in this section. It cannot be construed as a grant of additional powers to litigants or as conferring jurisdiction on the court to entertain attacks upon it final judgment of discharge more than a year after the judgment was entered.[5]

Affirmed.

---

[3] In re Aasand, D.C., 7 F.2d 135; In re Wrobel, D.C., 18 F.Supp. 623; In re Forman, D.C., 45 F.Supp. 295; In re Knepper, D.C., 12 F.Supp. 989.

[4] Collier on Bankruptcy, 14th Ed., Vol. 1, Page 253.

[5] See Collier on Bankruptcy, 14th Ed. Vol. 1, Page 325, 326.