**In re GROSS.**

No. 9929.

United States District Court
D. Maryland.

May 24, 1950.

Irving B. Grandberg, of Baltimore, Md., for bankrupt.

Murray MacNabb and Louis R. Milio, of Baltimore, Md., for creditor.

WILLIAM C. COLEMAN, Chief Judge.

The question for decision is whether the dismissal of an earlier petition in bankruptcy, because of the bankrupt's failure to pay filing fees, is res adjudicata in a later proceeding as to the discharge of the bankrupt with respect to a debt scheduled in both proceedings.

The material facts are as follows: The bankrupt on February 15, 1937, filed a voluntary petition in bankruptcy and in due course was adjudicated a bankrupt, but upon her failure to pay the filing fees, after due notice given to the bankrupt the adjudication was rescinded and the proceedings were dismissed by order of this Court on March 27, 1937. In this proceeding, William F. Brack, a judgment creditor, alone filed a claim.

Approximately nine years later, that is, on March 30, 1946, the bankrupt filed a second petition in bankruptcy in this Court. On June 10, 1946, the Referee, by appropriate order, fixed a time within which objections should be filed to the bankrupt's discharge. In due course William F. Brack, the judgment creditor, who again was the only creditor to file a claim, filed objections to the discharge alleging as his grounds the bankrupt's failure to keep proper records and also her failure satisfactorily to explain her income. Brack's objections were duly heard but overruled by the Referee who, on April 1, 1947, signed an order discharging the bankrupt. Thereupon, Brack petitioned this Court for a review of this order of the Referee, which was granted and on October 29, 1947, this Court signed an order affirming the action of the Referee in granting the bankrupt a discharge. No appeal was taken. Both the Referee and this Court were advised in the course of the proceedings of the fact that Brack was the sole creditor in both proceedings.

Brack's judgment had been obtained against the bankrupt and her husband for

$6,800 in 1936 in the Superior Court of Baltimore City, for a deficit under a mortgage foreclosure proceeding. Brack had been most persistent in his efforts to have the judgment paid, and counsel for the bankrupt admitted that it was primarily to be discharged from this heavy and harassing debt that she was advised to go into bankruptcy. However, there is nothing in the record of either proceeding indicating any fraud, or that the bankrupt was not in fact insolvent or did not have a right to be adjudicated. In July, 1948, that is, some nine months after the order of this Court of October 29, 1947, confirming the Referee's order of discharge of the bankrupt, Brack caused execution to be issued on his judgment in the Superior Court of Baltimore City. These facts coming to the attention of counsel for the bankrupt, in November, 1948, he filed a petition on her behalf to have the Superior Court proceeding for execution on the judgment annulled. After various pleadings, the matter was finally heard by the Superior Court on a motion of the bankrupt for summary judgment, based upon the discharge of the bankrupt, and on May 9, 1949, the Superior Court granted the motion. No appeal was taken. The bankrupt's discharge thus being a bar to Brack's judgment, on May 11, 1949, Brack filed a petition in this Court praying that the bankrupt's discharge be declared nugatory as to his judgment which had been listed in both proceedings, on the ground that the dismissal of the first proceeding, even though resulting solely from the bankrupt's failure to pay the filing fees and before any application for discharge had been made, nevertheless, constituted a denial of discharge and that, therefore, in this second proceeding the question of discharge must be treated as res adjudicata as to Brack's claim since it had also been listed in the first proceeding. The matter is now before this Court on this petition.

While this Court's order which is here involved, namely, that of October 29, 1947, confirming the Referee's order discharging the bankrupt, was subsequent to the effective date of the Chandler Act, it is helpful to consider the state of the law prior to, as well as after that time. Prior to the Chandler Act failure to secure a discharge, whether through the bankrupt's failure to file an application for discharge within the required period after adjudication or through dismissal of the application or proceedings for want of prosecution, was generally considered a bar to a later discharge of any debts that had been previously scheduled in the first proceeding. This bar was rested on the ground that (1) failure to secure the discharge in the first proceeding was in effect a judgment by default and hence res adjudicata; or (2) the later discharge was barred by the mere lapse of time, namely, after the period allowed for the filing of the first application had expired. See Kuntz v. Young, 8 Cir., 131 F. 719; In re Kuffler, 2 Cir., 151 F. 12; see also D.C., 155 F. 1018, certiorari denied 214 U.S. 520, 29 S.Ct. 701, 53 L.Ed. 1066; In re Bacon, 5 Cir., 193 F. 34, certiorari denied 225 U.S. 701, 32 S.Ct. 836, 56 L.Ed. 1264; In re Loughran, 3 Cir., 218 F. 619.

Turning to the Chandler Act, it provides that petitions of non-corporate bankrupts shall operate automatically as an application for discharge, thus dispensing with a time limit for the application that formerly existed. See Section 14, sub. a of the Chandler Act, 11 U.S.C.A. § 32, sub. a. It is also to be noted that Section 2, sub. a(8) of the Chandler Act, 11 U.S.C.A. § 11, sub. a(8), permits the Court to "reopen estates for cause shown", thus affording the bankrupt a remedy in the original proceeding, which by implication may be said to deny other relief. This section, however, is presumably intended merely to make clear the breadth of the jurisdiction of bankruptcy courts. See H.R.Rep. No 1409, 75th Cong., 1st Sess. (1937) 20. Also, it should be noted that Section 14, sub. c, 11 U.S.C.A. § 32, sub. c, which enumerates what is a bar to a discharge, does not include dismissal of a prior proceeding in bankruptcy.

This Court's order of discharge in the present case made on October 29, 1947, was an adjudication that the judgment debt owing to Brack was dischargeable. The bankrupt's discharge was challenged by Brack only on the ground of failure to keep proper records and also failure satisfactorily to explain the bankrupt's income.

The question now before us was not raised with respect to Brack's judgment. The objections he made to the discharge, if sustained by proper proof, constitute a complete bar under Section 14, sub. c. They were duly heard and overruled by the Referee; Brack then petitioned this Court for a review of the Referee's action which was duly granted, and thereafter this Court affirmed the action of the Referee in granting the discharge. Likewise, in Brack's petition for review, there was no separate challenge, or even mention made of the ground now urged with respect to Brack's judgment. No appeal was taken from this Court's affirmance of the Referee's order. A year and a half elapsed before Brack filed his present petition. On these facts we conclude that the discharge is no longer subject to successful attack, unless there are other provisions in the Bankruptcy Act authorizing the reopening of the question. To the contention that Brack is not attempting to have this Court set the bankrupt's discharge aside but merely to modify it with respect to this one particular debt, it is sufficient to say that this is a distinction without a difference, because what Brack is really asking is that this Court remove the effect of the discharge as respects his claim which, if done, would be tantamount to setting aside the discharge.

We thus turn to a consideration of whether there are any other provisions of the Bankruptcy Act justifying or requiring a reopening of the matter.

Section 15 of the Bankruptcy Act, 11 U.S. C.A. § 33, provides: "The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge." It will be seen that this section precludes the revocation of a discharge for any cause after one year from the time it has been granted. Whether or not Brack rests his application for a modification of the discharge upon fraud through the bankrupt's failure to disclose fully in the second proceeding what had happened in the first, suffice it to point out that even in the clearest case of fraud, by section 15 above quoted, an absolute limitation of one year is placed upon the right to challenge the discharge, and therefore it would be unreasonable to conclude in the present case, where there is no actual proof of fraud, that the law should afford a greater right to challenge a discharge than it does when fraud is definitely proved.

Next, it is appropriate to consider whether Brack is entitled to challenge the discharge by virtue of subsection a(15) and sub-section b of Section 2 of the Act, 11 U.S.C.A. § 11, sub. a(15) and sub. b. The first of these sections provides that courts of bankruptcy have power to "Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this Act: Provided, however, That an injunction to restrain a court may be issued by the judge only." It is true that by its terms this Section is an omnibus provision, forming the basis for the exercise of very broad powers by the District Courts in the administration of bankruptcy proceedings. However, it is obviously limited in its application to proceedings during the course of the administration of bankrupt estates, and we do not believe it was intended to confer power upon the District Courts to upset their final judgments under such circumstances as exist in the present case.

The other Section of the Act above referred to provides as follows: "Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated." It is our opinion that this Section cannot reasonably be interpreted as intended to imply that a court of bankruptcy has power to vitiate a final judgment of discharge, granted by it, under such circumstances as exist in the present case.

Lastly, it is appropriate to consider what affect, if any, the Federal Rules of Civil Procedure may have upon the present situation and, therefore, to what extent it

any they may be invoked. Order 37 of the General Orders in Bankruptcy, 11 U.S.C.A. following Section 53, provides that "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding." Federal Rules of Civil Procedure, rule 41(b), 28 U.S.C.A., provides for a dismissal on the defendant's motion in case of want of prosecution, and that "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." If from this Rule it be argued that the dismissal of the first proceeding instituted by the bankrupt in the present case should operate "as an adjudication upon the merits" since there was no qualification of the order for that dismissal, we believe it would be "inconsistent with the Act" to give the Rule such application because it would upset this Court's long standing, final order of discharge which was no longer subject to review. Also, it is to be noted that at common law, in the absence of an express statute or rule of court, dismissal of a suit for want of prosecution, is not a bar to a later suit on the same cause of action.

In Ginsberg v. Thomas, 170 F.2d 1, a quite recent decision of the Court of Appeals for the Tenth Circuit, that Court, on facts somewhat similar to those before us, reached the same conclusion that we do. In that case the first voluntary bankruptcy proceeding was begun in 1931 and among the claims listed was that of appellant Ginsberg. The bankrupt failed to apply for a discharge as he was required to do because the Chandler Act was not then in effect, and in 1932, the bankruptcy proceedings were dismissed. Nearly three years later, that is, in 1935, the bankrupt filed a second voluntary proceeding in the same court and again listed the Ginsberg claim. A timely application for discharge was filed by the bankrupt and Ginsberg was duly notified thereof but made no appearance and made no objections thereto. Whereupon, the following year the bankrupt was granted a general discharge which included appellant's claim as well as all other claims listed. No further steps were taken by Ginsberg until 1947, more than eleven years after the bankrupt had been discharged, when Ginsberg filed a pleading in the District Court entitled "Motion of Creditor to Amend Discharge", in which he asked, as does Brack in the present case, that the Court's judgment of discharge be modified to exclude therefrom the Ginsberg claim. Upon the trial court refusing to grant this modification, an appeal was taken. We quote the following from the Court of Appeals' opinion in affirming the lower court (170 F.2d 1, at pages 2-3): "When appellee filed his petition for a discharge, it set in motion the judicial process which required the court to act upon the subject matter and to determine the issues presented thereby. The subject matter was appellee's right to a discharge. In the absence of any specific objection by a creditor, he was entitled to a general discharge of all debts except those enumerated in 11 U.S.C.A. § 35, sub. a, unless the court found that he was guilty of any one of the seven acts enumerated in 11 U.S.C.A. § 32, sub. c. It is conceded that his debt was not one of those falling within 11 U.S.C.A. § 35, sub. a, supra. The general discharge, therefore, was granted, including appellant's claim. It may be that the court erred in discharging him as to this debt because it was the same debt as was listed in the preceding bankruptcy proceeding. It may be conceded, for the purpose of this opinion, that the court should have for that reason excluded this claim from the discharge. But that only resulted in an erroneous judgment and no appeal having been taken and the time for an appeal or reconsideration of the judgment having long since expired, the judgment is final and impervious to any attack unless there are statutory provisions warranting appellant in asking the bankruptcy court for a reconsideration of its judgment more than eleven years after it was entered.

"In Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, the Supreme Court said:

"'A proceeding in bankruptcy has the characteristics of a suit.'

"By analogy, it follows therefore that an order of discharge has the characteristics of a judgment in a court of law and unless otherwise provided by statute is as to its finality controlled by the same principles that control judgments in courts of law or equity.

"Appellant asserts that at the time the discharge in the second bankruptcy proceeding was before the court, it should have taken judicial notice of the prior proceedings in the same court and should have refused to discharge this claim. It is, of course, well settled that a court takes judicial notice of its own records but that does not mean that it has them actually in mind when they are pertinent in a subsequent proceeding or that failing to have them in mind and failing to act with relation thereto will make its judgment void. It is still the duty of one who relies on such preceding records to call the court's attention thereto, and he is not relieved therefrom because of the principle that courts take judicial notice of their records. Failure to note them in such case merely leads to an erroneous judgment in case the preceding records would require a different result. The judgment of the court in such cases, however, is not void.

"Neither Freshman v. Atkins, supra, nor In re Warnock, D.C., 239 F. 779, upon which appellant relies, are authority for the proposition that there is no duty on the creditor to call the court's attention to the fact that a claim sought to be discharged was listed in a former proceeding in which no discharge was obtained.

"In re Forman, D.C., 45 F.Supp. 295, 296, the court said: 'While it is true that if proper objection had been duly and seasonably made, the discharge might not have been granted as to debts which if any had been discharged in the proceeding in the Southern District that did not deprive the Court of jurisdiction, but the granting of the discharge was one of the questions the Court had to determine, and the remedy if aggrieved was to petition to review the order of the Referee, * * *.' See also Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A.,N.S., 629.

"The order of discharge was an adjudication that the debt in question was dischargeable and became a final judgment when not challenged by petition for review, and is now impervious to any attack unless there are other statutory provisions authorizing the appellant to move for reconsideration thereof."

Following that part of the Court's opinion which we have just quoted, the Court made an analysis of the various other provisions of the Bankruptcy Act to determine whether they had any controlling effect upon the question in issue, and concluded that they did not.

The facts in the Ginsberg case differ from those here under review in four respects: (1) There, the Court was not advised of the claim in controversy having been listed in the prior proceeding; (2) there, the claim in controversy was not the only one listed in both proceedings; (3) there, the judgment creditor never challenged the Referee's order of discharge; and (4) there, a much longer time elapsed between the granting of the discharge and the filing of the judgment creditor's motion to amend it so as to exclude his judgment, i. e., more than eleven years, as against a year and a half in the present case. However, we do not consider these differences are of such materiality as to call for the application of a different principle. To paraphrase the Court's opinion in the Ginsberg case from which we have quoted, even if it be assumed that this Court should have excluded Brack's judgment from the discharge, nevertheless, that discharge never having been challenged by him on the ground now asserted but on other entirely different grounds that were found to be untenable, and the time for appeal having long since expired, has now become final and beyond attack. We find nothing contrary to this conclusion in Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193. That case merely holds that the bankruptcy court, on application for discharge in a voluntary proceeding,

*may* take judicial notice of the *pendency* before it of an earlier, like *application,* and of its own motion may, because of such *pendency, refuse* the later application, insofar as the same debts are concerned.

We are not unmindful of the fact that in Perlman v. 322 West Seventy-Second Street Company, 127 F.2d 716, a decision of the Court of Appeals for the Second Circuit, a contrary conclusion was reached on facts somewhat similar to those before us. The opinion in the Ginsberg case does not refer to the Perlman decision. In another and much later decision of the Court of Appeals for the Second Circuit which was subsequent to the Ginsberg decision, that is, In re Seiden, 174 F.2d 586, the Court followed its opinion in the Perlman case and in affirming the District Court's order excepting a judgment debt from discharge, said (174 F.2d 586, at page 587) : "It should be kept in mind that it is not sought to set aside the discharge and so Sec. 15 of the Act, as amended, 11 U.S.C.A. § 33, is not controlling. In re Finkelstein, D.C.E.D. N.Y., 62 F.Supp. 1015; In re Schindler, D. C.E.D.N.Y., 73 F.Supp. 741. See, however, Ginsberg v. Thomas, 10 Cir., 170 F.2d 1, which we are unable to follow in so far as it is to the contrary. Nor is this situation to be confused with one where a discharge is opposed or attacked on grounds permitted by Sec. 14, sub. b of the Act, as amended, 11 U.S.C.A. § 32, sub. b, and that is done only after the allowed time for so doing has passed and the record may not, for that or any other sufficient reason, be amplified to lay the basis for the relief sought.

"The present difficulty, if any, is due to the long lapse of time between the granting of the discharge and the application for its modification. It is argued that that should defeat the attempt to correct it because the delay has prejudiced the bankrupt who has engaged in business in reliance upon his belief that this debt had become non-collectible. But even if laches may be chargeable to the appellee, we do not think that sufficient to defeat this motion. As the Freshman case, supra, shows, the bankrupt abused the process of the court in applying for and obtaining a discharge from which this judgment debt was not excepted and the court should on its own motion correct the discharge whenever it becomes aware that its own records show that the exception should have been made in the first instance. In re Zeiler, D.C.S.D.N.Y., 18 F.Supp. 539."

In Colwell v. Epstein, 142 F.2d 138, 156 A.L.R. 836, certiorari denied 323 U.S. 744, 65 S.Ct. 59, 89 L.Ed. 596, a decision of the First Circuit Court of Appeals rendered in 1944, that is, two years after the Perlman decision, supra, the appellant had filed a voluntary petition in bankruptcy in 1939 and was adjudicated a bankrupt. No further action, however, was taken on this petition until 1940 when an order was entered dismissing it because of the bankrupt's failure to make the requisite deposit for expenses. In 1941 the appellant filed a second voluntary petition, listing, among others, certain debts which were provable in the earlier proceeding. The District Court entered an order of partial discharge, freeing the appellant from all debts and claims provable against his estate excepting such as are by law excluded by the operation of a discharge, and excepting also such as were provable in the prior proceeding. On appeal this action of the District Court was affirmed. The Court said, after stating the change in the law made by the Chandler Act with respect to application for a discharge (142 F.2d 138, at page 139) : "This change has destroyed some of the argument stressed in the cases decided prior to the amendment. It cannot now be said that the statute is circumvented by an enlargement of the limitation of time in which the application for discharge must be made. However, the second ground of res judicata is still effective. The House Report on the 1938 Amendment (H.R.Rep. 1409, 75th Cong., 1st Sess., 1937) contains no mention of the case law which had grown up under the Bankruptcy Act, and in no way revealed any intention on the part of Congress to overrule those decisions by legislation on its part.

"Under the present Act the court is invested with jurisdiction to close estates where the indemnity necessary for the expenses of the proceeding have not been furnished; and to reopen estates for cause shown. 11 U.S.C.A. § 11, sub. a(8). The

appellant did not pay the required deposit, and thus allowed the petition to lapse through his own fault; nor did he take advantage of the opportunity offered him by the Act itself in that he failed to file a motion to reopen the earlier proceeding. This failure on his part to follow the procedure available to him must be taken as the basis of a decision against him and his acquiescence in it.

"This same question was before the court in the Second Circuit in Perlman v. 322 West Seventy-Second Street Co., 1942, 127 F.2d 716, where it was held under the doctrine of res judicata that a bankrupt whose estate is closed without his obtaining a discharge was in the same position as one whose discharge was denied. The court stated that the primary object of the bankrupt is to obtain a discharge, citing Freshman v. Atkins, 1925, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; that the burden is on the bankrupt to obtain the benefits of the Act by his own action, and that where the first petition was dismissed for lack of prosecution on the part of the bankrupt, he must suffer the consequences of his failure to prosecute his cause, and the matter is res judicata as between him and the creditors. To like effect is In re Brown, D.C.N.H. 1940, 35 F.Supp. 619."

It is apparent that the two cases in the Second Circuit and the one in the First Circuit which we have just analyzed involved facts different from those before us. In any event, we believe the conclusion reached in the Ginsberg case, supra, is more sound. The precise question before us has never been adjudicated in this Court as far as we are advised, nor by the Court of Appeals for this Circuit.

Summarized, the principle which we, for the reasons stated, believe should be followed in the present case, is that the res adjudicata effect of the first denial of discharge through dismissal of the first proceeding for failure properly to prosecute it, is displaced by the *actual* order of discharge in the second proceeding which, in turn, is res adjudicata as to the discharge of *every* claim properly *proved* in the second proceeding. This is similar in effect to the doctrine that a competent court, when confronted with a plea of res adjudicata, has the jurisdiction to decide that plea, and the court's determination of it, even though wrong, is itself res adjudicata. Of course if the creditor's claim is not scheduled in the second proceeding and he has no notice or knowledge of the same, his failure to act is immaterial for he is expressly protected by Section 17, sub. a(3), 11 U.S.C.A. § 35, sub. a(3).

As we have previously stated, we find nothing contrary to our conclusion in Freshman v. Atkins, supra. The same, we believe, is true with respect to Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A.,N.S., 629, because there, also, the facts were different, namely, there had been a previous actual refusal of a discharge in another jurisdiction. The Supreme Court held that while *refusal* of a discharge came within the rule of res adjudicata, the Court in which a second proceeding was brought was not bound to search the records of other Courts and give effect to their judgments, thus distinguishing Freshman v. Atkins, which related to the effect to be given to the court's *own* records in another but inter-related *pending* proceeding. Nor, in concluding as we do, are we unmindful that it is the general practice where the debts listed in the second proceeding are merely those that had been listed in the first, to deny discharge altogether in the second proceeding or to stay the bankrupt from applying for it. See In re Summer, 2 Cir., 107 F.2d 396, certiorari denied Summer v. Manufacturers Trust Co., 309 U.S. 680, 60 S.Ct. 718, 84 L.Ed. 1024; In re Zeiler, D.C., 18 F.Supp. 539, and cases therein cited. Conceding that this practice might well have been followed in the present case, nevertheless, since it was not; since the objecting creditor, Brack, was accorded his full rights under the Bankruptcy Act to object to the discharge and did object, but not for the reason which is now presented for the first time after a lapse of a year and a half; since his objections were not sustained and he took no appeal; and since there is no evidence of fraud on the bankrupt's part, we see no just ground, either expressed or implied by any provision of the Bankruptcy Act, the General Orders in

Bankruptcy or the Rules of Civil Procedure, for declaring the discharge void as to Brack's judgment at this late date, and after a State Court has recognized the discharge as a complete bar when collaterally attacked.

Accordingly, the petition in the present case must be dismissed.