In re LEVENSTEIN.

(District Court, D. Connecticut. May 24, 1910.)

No. 2,135.

1. BANKRUPTCY (§ 404*)—DISCHARGE.

One seeking to avoid his debts under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), must comply strictly with its provisions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 679; Dec. Dig. § 404.*]

2. BANKRUPTCY (§ 410*)—PETITION FOR DISCHARGE—FILING—TIME.

Bankr. Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), provides that any person, after the expiration of 1 month and within the next 12 months subsequent to being adjudged a bankrupt, may file an application for a discharge in the bankruptcy court in which the proceedings are pending, and if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it in such time, it may be filed within the next 6 months. Held, that where a bankrupt failed to file a petition for discharge within the time fixed, and within the succeeding 6 months did not apply for nor obtain an extension of time, his right to a discharge was barred.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of Joseph 'Levenstein, a bankrupt. On motion to restore to the files the discharge stricken therefrom April 18, 1910. Denied.

Stoddard, Goodhart & Stoddard, for petitioner.
David Strouse and Ralph O. Wells, for respondents.

PLATT, District Judge. The essential facts which control this matter are few and simple. Levenstein filed in this court on December 29, 1900, a petition for discharge, based upon his adjudication as a bankrupt, dated November 20, 1899. Specifications of objection were filed against it by certain creditors, and at the hearing thereon it was discovered that the statutory time for filing said petition was more than a month overpassed and that no extension of time had been granted by the judge. The referee reported the situation to the court, and thereupon the petition for discharge was dismissed. No attempt was made to have the time for filing extended, as is provided for by the statute.

On December 29, 1908, said Levenstein filed his petition in the court asking to be adjudicated a bankrupt, presenting the identical list of creditors shown in his first petition. His second adjudication followed automatically and at once, and on January 29, 1909, he filed his petition for discharge, which was recommended by the referee, and entered by the court on April 2, 1909. On March 25, 1910, Cutler & Porter, of Springfield, creditors in both petitions, set up the foregoing facts and asked that the discharge of April 2, 1909, be revoked and annulled. On March 28, 1910, a rule was issued from the court ordering said Levenstein to appear on April 18, 1910, at 11 o'clock a. m., and show cause why said petition should not be granted. On April 18th, the petitioners appeared by counsel, but the bankrupt made default of appearance, and, the facts alleged being found true, the discharge was revoked and annulled.

Levenstein by the present motion asks the court to restore the discharge; his only reason therefor being that his first petition for discharge was not decided upon the merits, but was dismissed upon a technicality, and the action thereon cannot therefore be invoked as a bar to the discharge granted on the later petition. To decide this question properly, it is necessary to have a full understanding and thorough comprehension of the scope, extent, and purpose of our bankrupt law.

That law furnishes the only method by which one can escape the payment of his debts, except by actually paying them in full or settling them by compromise. Neither this law nor any of its predecessors was passed by Congress for the particular purpose of enabling the debtor to cancel his debts. The primary purpose of all such laws is to distribute the assets of the bankrupt equally and fairly amongst his creditors, and as an incident thereto the present law provides that he may, if his dealings have been fair and honest, be discharged from the balance of his indebtedness as an incentive to further honest effort to obtain a livelihood. It must be obvious, then, that he who seeks to avoid his debts under the bankrupt act (Act July 1, 1898, c.

541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) must comply strictly with its provisions.

Section 14a says that:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within, but not *after* the expiration of the next six months." (The italic is mine.)

Now just one moment's thought about the petitions for adjudication and discharge. They are in form and in fact proceedings in equity, in which the bankrupt is petitioner and his creditors are respondents. The bankrupt undertakes to show that he is an honest man, but has been unsuccessful; that he has committed no fraud, but has been the victim of misfortune. If he can establish these facts, he goes free; if he cannot, he has wasted his time and bothered the court to no good purpose. Congress has pointed out to him the way to go about it, and he is bound to follow that path with precision and exactness. If, after adjudication, he shall fail to file a petition for discharge within the time fixed by the statute, his right to such discharge is lost to him forever. Both reason and authority sanction this statement of the law. Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477; In re Kuffler, 151 Fed. 12, 80 C. C. A. 508; In re Bramlett, (D. C.) 161 Fed. 588.

If, as in the case before us, he files it shortly after the year has expired, and when apprised of his error by the respondent creditors fails to obtain from the judge any extension of the time within which he may file it and after which he may not, he appears to be in even worse plight than if he had never filed his petition at all. This case is especially lacking in equity, because he was told about his error in time. He had several months within which, upon a favorable showing, he might have obtained from the judge an extension of his time for filing. He failed to obtain such extension, and his right to any further day in court was thereby wiped out as with a sponge.

It would lead to a multitude of evil practices, and place a premium upon laches, if at this late day the respondents in the original petition were compelled to fight again the battle upon which they had entered in 1900. The discharge in this case was properly revoked, and the motion herein discussed is without merit.

Let it be denied.