### JOHN B. ELLISON & SONS v. WEINTROB.

(Circuit Court of Appeals, Fourth Circuit.   February 1, 1921.)

No. 1858.

**Bankruptcy ☞417 (4)—Discharge granted without notice to creditors invalid.**
    A discharge granted without notice to creditors is invalid, and a petition by creditors for its revocation is not subject to the limitation of one year prescribed by Bankruptcy Act, § 15 (Comp. St. § 9599), for the filing of a petition for revocation of a discharge on the ground of fraud.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Raleigh, in bankruptcy.

In the matter of A. Weintrob, bankrupt.   On appeal by John B. Ellison & Sons from an order refusing to set aside a discharge.   Reversed.

For opinion below, see 263 Fed. 904.

Robert H. Sykes, of Durham, N. C., for appellant.

D. H. Gladstone, of Washington, D. C., for appellee.

Before KNAPP and WOODS, Circuit Judges, and WEBB, District Judge.

WOODS, Circuit Judge.   A. Weintrob, bankrupt. filed his petition for discharge October 29, 1917.   An order was made directing the clerk to publish notice of the application and mail a copy of the notice to each creditor, addressed to his place of residence.   The referee who heard the petition for discharge certified to the court that—

"pursuant to an order of Court, notice of the hearing to be had before me was given by Hon. Leo D. Heartt, clerk; that pursuant to such order a hearing on the petition for discharge was had before me at my office in Durham on the 3d day of December, 1917, at 12 m.; that no creditor, or attorneys representing creditors, were present at said hearing; that no special appearance was entered and no specifications of objections filed, opposing the granting of a discharge to said bankrupt."

On the referee's recommendation a formal certificate of discharge was made.   On January 17, 1920, the firm of John B. Ellison & Sons, a creditor of the bankrupt, filed its petition on behalf of itself and 10 other creditors, who joined therein, asking that the discharge be set aside on the ground that they had received no notice of the application.   The petition was supported by affidavits of each of the creditors joining in the petition that they had received no notice of any description from any source of the application for the discharge up to the time of the making of the affidavits in the autumn of 1919.

The record shows that the form of affidavit to the effect that the notice had been published and mailed, attached to the petition for discharge, was not filled out nor signed by the clerk, who had been ordered to give the notice.   This fact, and the other fact that no one of the 10 creditors received notice of the application for discharge, in the absence of any showing to the contrary, require the finding intimated by the District Court that no notice of the application for dis-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

charge was published or mailed as required by the statute and the order of the court.

The District Court refused to set aside the discharge, on the ground that the failure of the creditors to move within one year was fatal under section 15 of the statute providing that:

"The judge may, upon the application of parties in interest, who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it, if upon trial it shall be made to appear that it was obtained through the fraud of the bankrupt and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge." Comp. St. § 9599.

We are unable to agree that this statute applies. No fraud by the bankrupt in securing the discharge is alleged, and therefore the petitioning creditors could not have had the discharge set aside for want of notice under this statute, even if they had moved within a year.

A discharge is a benefit conferred by the statute on an insolvent debtor. One of the conditions precedent to the enjoyment of this benefit, prescribed by section 58 of the statute, is that creditors should have 30 days' notice, so that they may have an opportunity to present objections to the discharge. If this condition is not complied with, the order of discharge is invalid, and must be so declared. The rights of creditors were involved in the hearing on the petition for discharge, and they cannot be bound without an opportunity to be heard. Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914; Hovey v. Elliott, 167 U. S. 414, 17 Sup. Ct. 841, 42 L. Ed. 215. It is, we think, elementary that one who claims the benefit of a statute must see that the conditions precedent to awarding the benefit have been complied with. As between the bankrupt and his creditors, it is the duty of the bankrupt, and not of his creditors, to see that they have notice of the application for discharge.

It is doubtless true that actual notice of the application for discharge will take the place of the formal notice prescribed by statute and the order of court, unless the creditor acts promptly in demanding the formal 30 days' notice. It is also true that after the order of discharge is made the creditors may waive their rights by laches, or be estopped from asserting them. But the District Court has properly found that there is present here no element of waiver, and there is no claim of estoppel.

Reversed.