142

## In re SULLIVAN.
### Nos. 20794, 22519.

District Court, N. D. Georgia, Atlanta Division.

April 21, 1938.

John A. Manry, of Atlanta, Ga., for bankrupt.

Houston White and M. M. Anderson, both of Atlanta, Ga., for objecting creditor.

UNDERWOOD, District Judge.

On June 19, 1934, Edward E. Sullivan filed a voluntary petition in bankruptcy, No. 20794, in this court. Adjudication was entered the same day.

There were no assets scheduled and no trustee was appointed. On May 1, 1935, the referee's record of proceedings was filed with the clerk and bankrupt's discharge was recommended, but no application therefor was ever made.

On April 13, 1936, petitioner filed a second voluntary petition in bankruptcy, scheduling the old debts set up in the former petition and subsequent new debts. Adjudication was entered on the second petition.

Thereafter petitioner filed a motion in the first bankruptcy proceeding asking that the adjudication therein be set aside and the petition dismissed. Morris Plan Bank of Atlanta was a creditor, but had filed no claim in the bankruptcy proceeding. However, upon being served with notice of petitioner's application to dismiss the proceeding, it filed objections thereto on the ground that such dismissal would prejudice its legal rights. The Morris Plan Bank also filed objections to the discharge applied for in the second proceeding, as far as its debt was concerned, on the ground that the bankrupt's failure to apply for a discharge in the first proceeding within the statutory period of eighteen months, prevented the discharge of the bankrupt's debts scheduled in such proceeding.

The two cases were heard together and may be best considered in a single opinion.

■ A proceeding in bankruptcy is in the nature of a suit in equity, and where the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., is silent on any question of procedure, equitable principles are followed.

There is no provision in the Bankruptcy Act setting forth requirements for a voluntary dismissal of a petition in bankruptcy by the bankrupt, so his right to dismiss is controlled by equitable principles.

■ The rule with reference to dismissal in the federal courts, both in equity and at law, is well settled, and thus stated by the Supreme Court: "The general proposition is true that a complainant in an equity suit may dismiss his bill at any time before the hearng, but to this general proposition there are some well recognized exceptions. Leave to dismiss a bill is not

granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant." Pullman's Car Co. v. Transportation Co., 171 U.S. 138, 145 and 146, 18 S.Ct. 808, 811, 43 L.Ed. 108. See, also, Jones v. Securities Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015; Detroit v. Detroit City Ry. Co., C.C., 55 F. 569, and Georgia Power Co. v. Tennessee V. A., 5 Cir., 89 F.2d 218.

It is, therefore, only to be determined whether this case comes within the exception.

■ By failing to apply for a discharge in the first proceeding, under rulings controlling upon this court (Peoples Loan & Savings Co. v. Dowdle, 5 Cir., 92 F.2d 442, 443), bankrupt's right to discharge from debts scheduled in his petition was lost.

The question is, then: Does bankrupt's default in failing to apply for a discharge within the statutory period of eighteen months create a right in the creditor to object to the dismissal of the petition by the bankrupt on the ground that such dismissal would jeopardize its legal rights.

The creditor could not possibly be prejudiced in any other way than by the loss of the right to claim its debt was not discharged or dischargeable because of the bankrupt's failure to apply for a discharge.

If such failure did not operate to bar the bankrupt from procuring, in a subsequent bankruptcy proceeding, discharge from his debts scheduled in the first proceeding, then he would have the right to dismiss the petition, in the circumstances of this case, since the creditors would then be free to pursue any remedies they desired, and would not be prejudiced in any way other than by future litigation of the same kind.

But the Circuit Court of Appeals of this circuit, in the Dowdle Case, supra, held that, although no discharge had ever been granted, nevertheless the debts scheduled in a preceding bankruptcy, where no application for discharge was seasonably applied for, may never thereafter be discharged in a subsequent bankruptcy proceeding, since such default raises a "bar which attaches on failure to apply."

Accepting this ruling as controlling, the failure of petitioner to apply for discharge of his debts did create a right in the creditor to plead such default as a bar to the discharge of its debt, which right would be prejudiced by the dismissal of the first petition.

This being true, the case falls within the exception to the general rule recognizing the unqualified right of the petitioner to dismiss his petition, and therefore his motion to dismiss the first petition must be denied and the discharge prayed for in the second proceeding must exclude the debts scheduled in the first.

Orders in accordance with the foregoing will be entered in the two proceedings.