## In re STILWELL.
### No. 251.

Circuit Court of Appeals, Second Circuit.
June 4, 1941.

Frank J. Militello and Harry M. Young, both of Mayville, N. Y., for appellant.

Stanley G. Falk and Falk, Phillips, Twelvetrees & Falk, all of Buffalo, N. Y. (Louis Borinsky, of Buffalo, N. Y., on the brief), for appellees.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

On November 10, 1930, Ralph A. Stilwell, appellant here, was adjudicated a voluntary bankrupt. On March 23, 1931 he petitioned for a discharge, and the District Court ordered that due notice be published and mailed to creditors. There is no proof of compliance with this order and we may take it as established that no notice was given. Shortly thereafter the referee, who is now deceased, recommended that discharge be withheld until an unpaid balance on the expenses of the proceeding, amounting to $22.56, was paid. For the following nine years there is a hiatus. Then, on July 12, 1940, Stilwell—who, under the name of Earl V. Jones, had become a prominent and prosperous citizen of a distant city—paid the $22.56 which was due and, on the following day, was granted a discharge. Several creditors promptly petitioned to have the discharge set aside, for want of the requisite notice, and to have the proceedings for discharge dismissed for "abandonment". From an order granting this petition, Stilwell appeals.

The discharge was properly set aside. Notice to creditors of the application for discharge is required by § 58 of the Bankruptcy Act, 11 U.S.C.A. § 94, and is essential to protect the opportunity of the creditors to present objections to the discharge. Its importance to creditors, as contrasted with its relative lack of irksomeness to debtors, is so great that courts will

not require the creditor to show that he was hurt, nor permit the debtor to show that his adversary was not damaged. Notice is, in a shorthand phrase, "jurisdictional." See John B. Ellison & Sons v. Weintrob, 4 Cir., 1921, 272 F. 466; cf. Rash v. Metzger, 3 Cir., 1929, 31 F.2d 424.

That part of the order which dismissed the proceedings is another matter. The court below held, in effect, that the unexcused delay constituted laches, and barred a discharge. Appellant's explanation for the delay, apparently unconvincing to the court below, was a lack of knowledge that the discharge had not been granted. To a court of equity, however, delay alone seldom bars anything; the touchstone which converts the mere passage of time into laches is some prejudice, to one of the parties, proved or presumed. Here there was no finding either of specific prejudice to the creditors or of their inability, because of the lapse of time, to recall or to obtain evidence to support objections to the discharge. Without such a finding, there was no warrant for holding that Stilwell's discharge was outlawed by laches. The argument based on abandonment, again unless prejudice is shown, is certainly, as the record now stands, on treacherous grounds, since it is an attempt, by coupling appellant's intent with his delay, to avoid the difficulty arising from lack of the necessary finding, and thus to sidestep the very basis of equity's intervention when laches is shown. It may be that Stilwell's removal or his failure to prosecute the proceedings lulled the creditors into quiescence; but, absent such a finding, they are no more injured by a mere intentional forsaking of the proceeding than by delay alone. This is not to imply that, on proper showing, abandonment alone will not be a bar; but if it is not to become a refuge for those whose position is too weak to support a finding of laches, unequivocal proof of the intention to abandon must be offered. We are unable, on the record before us, to hold that the court below could have found either laches or abandonment. The order dismissing the proceedings is therefore reversed, and the case remanded with directions to receive evidence either of prejudice to the creditors or of a deliberate determination by Stilwell to forsake the proceedings.

Order affirmed in part, modified in part, and remanded for further proceedings in accordance with this opinion.