## NORMENT et al. v. STILWELL.

### No. 226.

Circuit Court of Appeals, Second Circuit.

April 22, 1943.

Harry M. Young, of Mayville, N. Y. (Frank J. Militello, of Mayville, N. Y., of counsel), for appellant.

Falk, Phillips, Twelvetrees & Falk, of Buffalo, N. Y. (Stanley G. Falk, of Buffalo, N. Y., of counsel; Louis Borins, of Buffalo, N. Y., on the brief), for appellees.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This case was formerly before us on an appeal by the bankrupt from an order vacating a discharge granted to him without notice to creditors and dismissing the proceedings. In re Stilwell, 2 Cir., 120 F. 2d 194, 195. We affirmed vacation of the discharge, but reversed dismissal of the proceedings and remanded the case with directions "to receive evidence either of prejudice to the creditors or of a deliberate determination by Stilwell to forsake the proceedings." After remand evidence was taken upon these issues and the district court denied the bankrupt's application for a discharge on the ground of abandonment. The bankrupt has appealed. The sole question presented is the sufficiency of the evidence to support the finding of abandonment and, since all the evidence was by deposition or affidavit, we are in as good a position as the trial court to appraise the evidence and are required to do so. Equitable Life Assur. Soc. v. Irelan, 9 Cir., 123 F.2d 462, 464.

The appellant was adjudicated a voluntary bankrupt on November 10, 1930. From the fact that no creditor appeared at the first meeting of creditors and no trustee was appointed it may be inferred that no assets of substantial value were scheduled. Thereafter on March 23, 1931 the bankrupt filed his application for a discharge but no notice thereof was given to creditors and no hearing was had for the reason that the bankrupt failed to pay the expenses of the proceedings, although the bankrupt's attorney was notified by the referee of the necessity of paying fees of $22.56. No payment having been received, on July 10, 1931 the referee issued an order directed to the bankrupt and his attorney to show cause why the proceedings on discharge should not be returned to the district court because of nonprosecution. Copies of this order were served on the bankrupt and his attorney by mail. Upon the return day no appearance was made by or on behalf of the bankrupt. On July 27, 1931 the referee entered an order returning the case to the district court with the recommendation "that the matters be withheld until the necessary disbursements of this proceeding in the amount of $22.56 are paid." Nothing further was done in the bankruptcy until July 12, 1940 when the bankrupt caused the above-mentioned sum to be paid to the successor of the former referee who was then dead. In 1933 the bankrupt had left the state of New York without notifying any one where he was going and had taken up residence in Zanesville, Ohio, under the name of Earl J. Jones. His renewal of interest in his bankruptcy proceeding was due to the fact that certain of his scheduled creditors had tracked him down and brought suit against him.

█ We think it obvious that the foregoing facts would not only justify but even require a finding that the bankrupt intentionally abandoned his application for a discharge unless he can produce some credible excuse for the nine years of delay in prosecuting it. The excuse offered in his 1942 deposition is that in March 1931, immediately after getting word that the fees were due, he paid them to Joseph Lazaroni, a young lawyer in the office of his attorney, and shortly thereafter was informed by Mr. Lazaroni that the discharge had been granted. But the district judge was not persuaded of the truth of this explanation; nor are we. One has but to read the bankrupt's deposition to see how ready he was to give any answer which would serve his purpose and how unreliable is his testimony. He purports to remember that his lawyer sent him the referee's statement of fees "in the next mail after they got it" and to recall "very distinctly" the payment to Lazaroni "because I had just fifty dollars that day." Yet in an affidavit made sixteen months before his deposition he said not a word of having paid the fees or of having been told by Lazaroni that the discharge was granted, but swore that he would have paid the fees if he had known that the discharge had not been entered. Nor is his present story confirmed by the attorneys. Mr. Lazaroni testified to the general method of handling moneys received from clients of the office, but had no recollection of the Stilwell case. It seems extremely unlikely that if money for the expenses was received, the attorney would not have sent it to the referee. All that his affidavit says is that he has been unable to find records dealing with the payment by Stilwell of any disbursements in his bankruptcy proceeding. Finally, it may be noted that the bankrupt's story supplies no explanation of why nothing was done in response to the show cause order of July 10, 1931. While there is no direct proof of delivery of a copy of the order served by mail upon the bankrupt and his attorney, neither of them has denied receipt of such copy. Our independent examination of the record leads us to the same conclusion as that of the district judge. Accordingly the order is affirmed.