### In re GOODSTEIN.

No. 15912.

District Court, E. D. Pennsylvania.

March 16, 1945.

686

William Nicholas, of Philadelphia, Pa., for bankrupt.

Newman & Master, of Philadelphia, Pa., for trustee.

KALODNER, District Judge.

Petitioner was adjudicated a bankrupt on August 3, 1932. However, no petition for his discharge as provided by law was filed by the bankrupt. Alleging that the failure to file the petition for discharge came about through the inadvertence of his then counsel, he now seeks, by this motion, to have the 1932 proceedings reopened and referred to the Referee to proceed with the discharge under the Chandler Act.

I am of the opinion that this may not be done. Section 14, sub. a, of Chapter III of the Bankruptcy Act, as amended, 44 Stat. 663 (1926), 11 U.S.C.A. § 32, sub. a, under which the petitioner was adjudged bankrupt, provides:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within *but not after the expiration of the next six months.*" (Emphasis supplied.)

██ If the bankrupt fails to apply for his discharge within the statutory time limit, the bankruptcy court loses power and discretion to entertain the application for discharge. Fourteenth Avenue Security Loan Ass'n v. Squire, 3 Cir., 1938, 96 F.2d 799, 800. The right to discharge, if any, is then lost. In re Levenstein, D.C.D.Conn.1910, 180 F. 957; In re Sullivan, D.C.N.D.Ga.1938, 23 F.Supp. 142. Devious means of escaping the effect of the statutory limitation have been thwarted by judicial decision. See Matter of Loughran, 3 Cir., 1914, 218 F. 619; Holmes v. Davidson, 9 Cir., 1936, 84 F.2d 111; Matter of Wieck & Kline, D.C.D.Mont.1938, 24 F.Supp. 966. The opinion in the latter case is particularly in point, refusing an order allowing the bankrupts to file petition for discharge nunc pro tunc as of a date prior to expiration of the period during which the petition might otherwise have been filed.

██ By no stretch of the imagination can it be held that this case is covered by the 1938 Amendment to the Bankrupty Act, 52 Stat. 850, 11 U.S.C.A. § 32, sub. a, which provides that, except for corporations, the adjudication shall operate as an application for discharge. Although Section 6, sub. b, of the Act of 1938, 52 Stat. 940, 11 U.S.C.A. § 1 note, provides that the Amendatory Act, except as otherwise stated, shall govern proceedings so far as practicable in cases "pending when it takes effect," there is a conflict in the decisions as to the application of the 1938 Act where adjudication was made prior to September 22, 1938, but the period for petitioning for discharge had not expired under the 1926 Act. See Matter of Cederbaum, D.C. S.D.N.Y.1939, 27 F.Supp. 1014; Matter of Farrow, D.C.S.D.Cal.1939, 28 F.Supp. 9; Matter of Holder, D.C.N.D.Ga.1939, 29 F. Supp. 331; Matter of Powers, D.C.D. Mass.1941, 42 F.Supp. 356. In the case at bar, however, the bankruptcy proceedings in which petitioner was involved were not "pending" in any sense of the word at the time the Act of 1938 became effective on September 22, 1938: the adjudication was made on August 3, 1932, and the Trustee was discharged and the estate closed on March 23, 1933. Under the most tolerant view, petitioner's right to apply for a discharge was extinguished over four and a half years before the 1938 Act could have taken effect.

Accordingly, the petition is denied.