## In re SEIDEN.

### No. 211, Docket 21271.

United States Court of Appeals
Second Circuit.

May 10, 1949.

Michael Berman, of New York City (Michael Berman and Marcus Katz, both of New York City, on the brief), for bankrupt.

Herman G. Robbins, of Brooklyn, N. Y., for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant filed a voluntary petition in bankruptcy in the District Court for the Eastern District of New York on April 12, 1932 and was duly adjudicated a bankrupt. Among the claims he listed in that proceeding was a judgment which Massee & Company, Inc., had recovered against him in the City Court of the City of New York. On October 31, 1932 that bankruptcy proceeding was closed because the bankrupt did not pay the fees he was by law required to pay and no application for a discharge was made.

On July 24, 1940, the appellant filed a second voluntary proceeding in bankruptcy in the same court and again listed, among others, the judgment above mentioned. The judgment creditor made no appearance in this proceeding. The bankrupt was again adjudicated and, on September 24, 1940, was granted a discharge without the exception of this judgment debt.

On April 29, 1948, the judgment debt was duly assigned to the appellee. The appellee tried unsuccessfully to collect it by supplementary proceedings in the state court where it was held, without prejudice to any application by appellee for relief in the bankruptcy court, that the discharge was a bar.

The appellee on November 12, 1948 moved in the District Court for the Eastern District of New York to have the discharge granted the appellant amended to except

this judgment debt. The motion was granted and this appeal followed.

█ The denial of a discharge from provable debts in a bankruptcy proceeding —and the failure to apply for a discharge when an application was necessary is the equivalent of a denial—bars the discharge of the same debts in a subsequent proceeding. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; In re Schwartz, 2 Cir., 89 F.2d 172; Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F. 2d 716; Chopnick v. Tokatyan, 2 Cir., 128 F.2d 521. However Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 13 L.R.A.,N.S., 629 shows that, where the subsequent bankruptcy proceeding is not in the same court, such debts may be effectively discharged, in the absence of objection made, at least to the extent that a discharge of them is not subject to collateral attack.

It should be kept in mind that it is not sought to set aside the discharge and so Sec. 15 of the Act, as amended, 11 U.S.C.A. § 33, is not controlling. In re Finkelstein, D.C.E.D.N.Y., 62 F.Supp. 1015; In re Schindler, D.C.E.D.N.Y., 73 F.Supp. 741. See, however, Ginsberg v. Thomas, 10 Cir., 170 F.2d 1, which we are unable to follow in so far as it is to the contrary. Nor is this situation to be confused with one where a discharge is opposed or attacked on grounds permitted by Sec. 14, sub. b of the Act, as amended, 11 U.S.C.A. § 32, sub. b, and that is done only after the allowed time for so doing has passed and the record may not, for that or any other sufficient reason, be amplified to lay the basis for the relief sought.

█ The present difficulty, if any, is due to the long lapse of time between the granting of the discharge and the application for its modification. It is argued that that should defeat the attempt to correct it because the delay has prejudiced the bankrupt who has engaged in business in reliance upon his belief that this debt had become noncollectible. But even if laches may be chargeable to the appellee, we do not think that sufficient to defeat this motion. As the Freshman case, supra, shows, the bankrupt abused the process of the court in applying

for and obtaining a discharge from which this judgment debt was not excepted and the court should on its own motion correct the discharge whenever it becomes aware that its own records show that the exception should have been made in the first instance. In re Zeiler, D.C.S.D.N.Y., 18 F.Supp. 539.

Order affirmed.