**In re FREY.**

**No. 63010.**

United States District Court
S. D. New York.

March 5, 1951.

1008

Levin & Weintraub, New York City, for bankrupt.

Herman G. Robbins, Brooklyn, for creditor.

WEINFELD, District Judge.

Petitioner, the assignee of a judgment entered some seventeen years ago against the bankrupt, moves to vacate an order which was granted, ex parte, on December 15th, 1950, and permitted the reopening of the proceedings for all purposes, including the calling of a meeting of creditors and allowing the bankrupt to file an application for a discharge.

A voluntary petition was filed by the bankrupt in forma pauperis on August 21st, 1935. No application for a discharge was ever made. On November 21st, 1935, the Referee filed a certificate with the Clerk of the Court, stating that more than three months had elapsed since the filing of the petition, that no meeting of creditors had been held and no indemnity for expenses had been advanced and the case was, therefore, closed.

No action was taken by either creditors or the bankrupt until October 1950, when petitioner who had purchased the original judgment of $2,160, now amounting with accrued interest to $5,000, for $100 obtained a garnishee order of bankrupt's salary. The latter thereupon obtained the order now sought to be vacated. His petition, upon which the order of reopening was granted, explains the failure to apply for a discharge by alleging that he notified the Referee that he had filed a pauper's oath, was unemployed and without funds to pay the necessary indemnity; that he was advised by the Referee, now deceased, that under the circumstances the matter would be put over and there was nothing for him to do until he received further word from the Referee. The bankrupt was not represented by counsel. He states that he relied completely upon the Referee's statement, that he first learned that the proceeding had been closed and no discharge had been granted in November 1949, when the attorney for the judgment creditor informed him of an offer for the judgment, which apparently thereafter was sold to the petitioner herein.

The assignee of the creditor urges that his motion to vacate should be granted on the following grounds: (1) The proceeding having been closed in 1935, the Chandler Act is inapplicable to the present situation; (2) that the order of reopening is prejudicial to the rights of creditors. If the first objection is upheld there is no occasion for the Court to determine whether "cause" has been shown for the reopening. 11 U.S.C.A., § 11, sub. a(8).

Under the Bankruptcy Act, which was in effect when the voluntary petition herein was filed, a bankrupt was required to file an application for a discharge within twelve months, or if he was "unavoidably prevented" from so doing, not later than six months thereafter—a maximum of eighteen months from adjudication. Section 14, Bankruptcy Act. This provision was amended by the Chandler Act, effective September 22nd, 1938, so that an adjudication operated as an automatic application for discharge. 11 U.S.C.A. § 32. A basic reason for the change was to remove the very serious hardship found to exist under the old provision which frequently deprived a bankrupt of the benefit of the proceeding through failure to apply within the statutory time—generally resulting from some oversight on his part or that of his counsel. Cohen v. Keller, 2 Cir., 108 F.2d 495; Perlman v. 322 West

Seventy-Second Street Co., Inc., 2 Cir., 127 F.2d 716.

The Chandler Act also liberalized the Bankruptcy Act so as to permit the reopening of estates "for cause shown" whereas prior to the amendment reopening was limited to those instances whenever it appeared "they were closed before being fully administered." 11 U.S.C.A. § 11, sub. a (8).

The amendatory act also provides that it "shall govern proceedings so far as practicable in cases pending when it takes effect". Section 6, sub. b of the Bankruptcy Act of 1938, 11 U.S.C.A. § 1 note. May it be said that the proceeding herein was so pending when that act became effective on September 22nd, 1938, as to authorize a reopening for cause?

■ The Court is constrained to find that the salutary provisions of the Chandler Act are not applicable to the present situation. The proceeding had been marked closed on November 21st, 1935. The maximum eighteen month period for the filing of an application for discharge expired on February 21st, 1936, two and one half years before the effective date of the Chandler Act. Closing the case without granting a discharge operated as a denial of discharge. Perlman v. 322 West Seventy-Second Street Co., Inc., supra; In re Seiden, 2 Cir., 174 F.2d 586. The denial, of course, terminated the proceeding and so it cannot be said it was pending at the time the Chandler Act became effective. In re Goodstein, D.C., 59 F.Supp. 685; In re Zimmer, 63 F.Supp. 488.

The Court has reluctantly reached this conclusion. The Bankruptcy Act was intended to relieve honest debtors of claims and to afford them an opportunity to start anew with fresh hope. This primary purpose has been frustrated—not only with respect to a substantial debt here purchased for $100 but as to all others listed in the schedule.

■ While the Congress clearly intended to avoid harsh results upon bankrupts who failed to obtain discharges through no fault of their own or excusable neglect, it now appears that bankrupts who filed their petitions more than eighteen months prior to the effective date of the Chandler Act and failed to apply for a discharge, even under circumstances disclosed by this record, are without relief. The bankrupt is caught in a vise. He is at once precluded from reopening the original proceeding and is effectively barred from filing a second petition listing the debts included in the first. The prior denial of a discharge for whatever reason is res judicata as to debts scheduled in the earlier proceeding. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Harris v. Warshawsky, 2 Cir., 184 F.2d 660; In re Seiden, supra.

Activity appears to have developed by those aware of this gap in the law. They buy up claims of bankrupts who honestly believe they have been discharged of their prior debts and when they are endeavoring to or have succeeded in re-establishing themselves suddenly discover they are caught in a pincer movement. In this case, the bankrupt was a mechanic and the debts were incurred in the conduct of a small garage business. Unemployed, he filed a voluntary petition, in forma pauperis, and whether the failure to pay the indemnity fee was the result of the alleged conversation with the Referee or otherwise, the fact is that the bankrupt was without counsel and could hardly have been expected to know the procedure for a discharge. Lulled into a belief that he could start anew, free of claims, now, fifteen years later he finds himself burdened with a debt more than double its original amount, and without any effective means for its discharge other than dollar-by-dollar payment and enforced through a garnishee of his $80 a week salary. At his age and taking into account his life expectancy, he will be crushed by this burden the rest of his life.

In the light of the decisions cited herein, the relief must come from the Congress and not the Courts.

The cases cited by the bankrupt are not in point. In re Loweree, 2 Cir., 157 F.2d 831, In re Butts, 2 Cir., 123 F.2d 250 and In re Perlman, 2 Cir., 116 F.2d 49, the petitions were filed after the effective date

of the amendatory act. In Re Stilwell, 2 Cir., 120 F.2d 194, an application for a discharge had been filed but not acted upon, and the proceeding was never closed. Moreover, the petition for relief was filed before the effective date of the new act.

The motion is granted.

Settle order on notice.