## Petition of MARANO.

United States District Court
S. D. New York.
Sept. 19, 1951.

Sol S. Perlow, New York City, for Syndicate Assets, Inc., judgment-creditor.

David Tepp, White Plains, N. Y., for bankrupt.

IRVING R. KAUFMAN, District Judge.

The movant, Syndicate Assets, Inc. (hereinafter Syndicate), a judgment creditor of the bankrupt, seeks an order vacating and setting aside an order of Judge Sidney Sugarman, made on the 30th day of Au-

gust, 1951, which order reopened the bankruptcy proceeding of Samuel D. Marano and referred the proceeding to Arthur J. Doran, Referee in Bankruptcy. The order also stayed the judgment creditor, Syndicate, from further proceedings supplementary to judgment.

Syndicate obtained a judgment against the bankrupt on April 19, 1934 for $626.50. A transcript of that judgment was docketed in the office of the Clerk of the County of Westchester on May 7, 1934. Syndicate now seeks to enforce collection of its claim, amounting with interest to $1407.51, by supplementary proceedings against the bankrupt in the Supreme Court of Westchester County.

The adjudication of the bankrupt occurred on October 10, 1935. No application for discharge in bankruptcy was ever made and no discharge was ever granted. On March 13, 1937, an order was made closing the bankrupt's case in default of discharge.

Judge Sugarman's order was made ex parte and no notice was given to any persons interested in the bankruptcy.

■ Prior to September 22, 1938, the effective date of the Chandler Act, application for a discharge had to be made within twelve months after adjudication, but an additional extension of six months could be secured on a proper showing of hardship. Title 11 U.S.C.A. § 32. It has been held that since adjudication automatically operates as an application for discharge under the Chandler Act, discharge could be granted to a bankrupt whose petition was initiated prior to the Act but *pending* at the effective date of the Act, although no actual application for discharge was ever made. See In re Zimmer, D.C.S.D.Cal.1945, 63 F. Supp. 488 and cases cited therein.

■ Here, the court has been asked to extend the retroactive effect of the Chandler Act to a case which was completely closed before September 22, 1938. Petitioner was adjudicated a bankrupt on October 10, 1935 but never made application for a discharge. On the expiration of the statutory period the case was closed. The failure to seek a timely discharge amounted to a denial of discharge. At this point

creditors' rights vested. In re Cederbaum, D.C.S.D.N.Y.1939, 27 F. Supp. 1014. The no-discharge was res judicata in any later proceedings, and debts scheduled in the first proceeding were not dischargeable. Perlman v. 322 West Seventy-Second Street Co., Inc., 2 Cir., 1942, 127 F.2d 716; In re Seiden, 2 Cir., 1949, 174 F.2d 586; Harris v. Warshawsky, 2 Cir., 1950, 184 F. 2d 660.

In the instant proceeding more than fourteen years have elapsed since the estate was closed. The bankrupt who seeks the reopening for the limited purpose of discharge does not offer any suggestion that further assets are available or further administration necessary. He admits that he was remiss in filing for a discharge. As Judge Yankwich stated in In re Zimmer, supra, 63 F.Supp. at page 490, a renewal of the proceeding would serve "to revive a right which was lost. It would result in courts placing a premium on negligence and failure to the detriment of a fair administration of the bankruptcy law."

■ The Chandler Act allows estates to be reopened for cause shown. Title 11 U.S.C.A. § 11, sub. a(8). Under the Act an adjudication serves as an automatic application for discharge. Title 11 U.S.C. A. § 32, sub. a. Where courts have permitted reopening of a bankruptcy proceeding to allow the petitioner to apply for a discharge, the bankrupt had at least initiated the formality of applying for discharge although the application was not in fact processed, usually because the petitioner neglected to pay the proper filing fee. There was apparently a sincere desire on the part of the bankrupt to obtain a discharge within the prescribed time. It is significant that all of these cases were pending after the enactment of the Chandler Act. In the main, they dealt with the power of the court to reopen proceedings after a lapse of time which ordinarily would constitute laches. There is no question that this is a valid exercise of the court's authority under the Chandler Act. Any novelty inherent in these decisions relates to the extension of the Act's provisions to cases *pending* in 1938. Even

cases pending in September 1938 have not always been brought within the orbit of the Chandler Act. in Re Cederbaum, supra, Judge Conger denied the petitioner's application to reopen a proceeding though in fact it had been pending when the Act went into effect. The Chandler Act, he stated, charged him to apply its provisions retroactively to pending matters only insofar as it was "practicable". In that situation, he found it impracticable to upset the creditor's established rights—rights that had vested on the closing of the earlier proceeding without discharge.

Judge Yanwich, in In re Zimmer, supra, and Judge Weinfeld, in In re Frey, D.C.S. D.N.Y.1951, 95 F.Supp. 1007 have stressed the limits on the Chandler Act's retroactive effects. Whatever ambiguities are lodged in its application to *pending* matters, it is quite clearly inapplicable to *prior* matters, i. e., bankruptcy proceedings which were entirely disposed of, either by discharge or closure, before September 22, 1938.

█ It is evident that the right of Syndicate, the judgment creditor herein, to enforce its judgment became vested on March 13, 1937 when the estate was closed without discharge. No subsequent proceeding may validly strip away this right.

The motion is granted. Settle order on notice.