**In re HOLMAN.**

United States District Court
S.D. New York.
May 14, 1952.

---

Simpson Thacher & Bartlett, New York City, Robert E. Shortall, New York City, of counsel, for Branch Securities Corp., creditor.

Jacob S. Schulman, New York City, for bankrupt.

## S. H. KAUFMAN, District Judge.

Petitioner moves to vacate an ex parte order dated January 31, 1952, reopening this proceeding in bankruptcy.

On April 12, 1937, Morris Holman filed a voluntary petition in bankruptcy, and an order of adjudication was made on the same day. In the bankrupt's schedules he listed a judgment recovered against him on May 12, 1936 for $14,733.46, of which petitioner is the assignee. The bankrupt failed to apply for a discharge within the twelve-month period required by the statute then in force. On April 14, 1938, the Referee in Bankruptcy filed a report which stated:

"That the above named was adjudicated bankrupt on April 12, 1937; that the first meeting of creditors has been held; that no trustee was elected or appointed herein; that no indemnity has been received by me herein; that no application for discharge has been filed with me and that more than one year has elapsed since the date of the bankrupt's adjudication.

"I hereby report this case closed."

In the fourteen years that ensued between the time the Referee reported the case closed and the date the motion to reopen the proceeding was made, petitioner made numerous efforts to collect the judgment. This creditor procured its first order for the examination of the bankrupt in supplementary proceedings in December 1939. It is alleged that by reason of the bankrupt's attempts to avoid service of process, the order for examination in supplementary proceedings was many times renewed. On April 29, 1940 the process server reported that he was unable to effect service of the order at the bankrupt's place of residence, 207 West 98th Street, New York City.

On November 12, 1940, the creditor's then attorneys sent a letter to the bankrupt, in which he was requested to communicate with them. No answer to this letter was received. On April 1, 1941, the process server reported that he was informed that the bankrupt did not call at his place of business and that at his residence his son claimed that his father was always out. Thereafter, each year, numerous efforts were made by this creditor to serve an order for the examination of the bankrupt in supplementary proceedings, but it did not succeed in doing so until September 20, 1944. The bankrupt was examined in supplementary proceedings on said judgment on September 29, 1944.

Although each year thereafter the creditor attempted to serve the bankrupt, he was not served again until March 24, 1947. He was examined on March 26, 1947 and he signed a stipulation adjourning his examination to April 15, 1947. On the latter date he defaulted and on May 22, 1947 the creditor's attorneys wrote to him threatening contempt proceedings.

On December 10, 1948, another order was served on the bankrupt and he was examined on December 23, 1948. However, the bankrupt evaded signing his examination, and the creditor's attorneys sent him letters on January 7, 1949 and on January 17, 1949 threatening to institute contempt proceedings. These letters were unanswered and a contempt order was served on the bankrupt on May 25, 1949. He finally ap-

peared on July 29, 1949 and was again examined.

In 1950, another attempt was made to serve the bankrupt at his residence, but his son prevented service. Thereupon an order was obtained for the examination of the son as a witness. The order was served upon the son on March 5, 1951, but on the return date, March 9, 1951, he defaulted. As a result of this default the son was, on April 30, 1951, adjudged in contempt of the State court, and fined $250. On May 25, 1951, the bankrupt telephoned to this creditor's attorneys and suggested that he be examined in lieu of his son. Thereafter both the bankrupt and his son were examined.

On August 23, 1951 the bankrupt filed a second voluntary petition and was again adjudicated a bankrupt. In the second proceeding the bankrupt again listed in his schedules the judgment held by petitioner. Petitioner filed objections to the bankrupt's discharge and moved to except its judgment from said discharge. On January 2, 1952, the Referee in Bankruptcy issued an order sustaining the objections and excepting the judgment plus interest from the effect of any discharge granted in the second proceeding. The bankrupt then moved ex parte, on January 31, 1952, to reopen the first bankruptcy proceeding, which he had permitted to lie dormant since 1937. This is the order which petitioner now moves to vacate.

Although the bankrupt avers that his failure to apply for a discharge in the 1937 proceeding was not his fault, but was due to the fact that his attorney was seriously ill of leukemia, the fact is that the bankrupt's attorney continued practicing until several months prior to his death in July 1946, which was some 8 years after the expiration of the twelve month period from the adjudication in the first proceeding.

The question presented on this motion, therefore, is whether the provisions of the Chandler Act, which became effective on September 22, 1938, apply to this case, namely, a case in which there was an adjudication on April 12, 1937, a failure on the part of the bankrupt to apply for a dis-

charge within one year thereafter, and a closing of the estate by the Referee on April 14, 1938.

Section 14, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. a, prior to its amendment in 1938, provided:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

During the six month period following April 12, 1938, the bankrupt, on a showing that he was unavoidably prevented from filing such petition, could have applied to the court to have his time extended for a period not to exceed six months from the last date on which the petition should have been filed. That discretionary period expired on October 12, 1938.

The Chandler Act amended § 14, sub. a so as to provide that "The adjudication of any person, except a corporation, shall operate as an application for a discharge * * *." 11 U.S.C.A. § 32, sub. a. The amendatory act also declared, § 6, sub. b that its provisions were to be applicable to "proceedings so far as practicable in cases pending when it takes effect * * *." 11 U.S.C.A. § 1 note.

■ It is clear that if the maximum eighteen month period had expired prior to the date the Chandler Act became effective, the proceeding could not be considered pending and there would be a lack of authorization to reopen the proceeding, even if cause were shown. In re Frey, D.C.S.D.N.Y.1951, 95 F.Supp. 1007. In this case, however, twenty days of the discretionary six month period remained when the Chandler Act became law. Although the cases are not in accord as to whether a proceeding should be considered as pending within the meaning of the Chandler Act where adjudication preceded the ef-

fective date of the Act by less than eighteen months, it appears to be the rule in this Circuit that the Chandler Act is inapplicable under those circumstances. In Cohen v. Keller, 2 Cir., 1940, 108 F.2d 495, 497, the bankrupt filed a voluntary petition in bankruptcy and was adjudicated a bankrupt on September 17, 1937, one year and five days before the effective date of the Chandler Act. On February 9, 1939, the bankrupt applied ex parte for an extension of time in which to file an application for a discharge. In an order dated February 20, 1939, the bankrupt's time to apply for discharge was extended to March 16, 1939. The application for discharge was filed on February 24, 1939. On June 1, 1939, the District Court entered an order vacating the application for discharge and the order of extension on the ground that the bankrupt had not been unavoidably prevented from applying within the statutory twelve months under the old Act.[1] The Court of Appeals reversed the order of June 1, 1939, finding that the bankrupt had shown that he was unavoidably prevented from filing his application within the time demanded by the statute. The Keller case was decided by a divided court. The opinion of Judge Augustus Hand applied the provisions of the original § 14, sub. a. Judge Clark, concurring, discussed the Chandler Act and was of the opinion that its provisions should apply to bankruptcies adjudicated within the twelve months prior to the effective date of the Act. Judge Learned Hand dissented on the ground that the bankrupt was not unavoidably prevented from applying for discharge within the statutory period. He pointed out that the holding of the court was that "the bankrupt could properly get an extension of time after September 22, 1938," and that the amendment to § 14, sub. a did not deprive the bankrupt of that privilege.[2]

Therefore, the majority of the court reasoned that the provisions of the original Act were applicable, notwithstanding the fact that the Chandler Act became effective before the expiration of the discretionary six month period.

In a second order involved in the Keller case, the District Court had denied a motion to fix a time within which the creditors of the bankrupt should file objections to his discharge, pursuant to § 14, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. b. This order was affirmed on the ground that the Chandler Act was not made applicable to the proceeding by § 6, sub. b, 11 U.S.C.A. § 1 note, because to require referees to mail notices in proceedings which were closed prior to the effective date of the Chandler Act, fixing a time for creditors to file objections to discharges, would not be "practicable". For this reason, also, the Chandler Act must be held to be inapplicable to the present case.

■ The Chandler Act not being applicable, it follows that the bankrupt failed to make timely application for discharge. This was equivalent to a denial of discharge. In re Seiden, 2 Cir., 1949, 174 F.2d 586; Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 1942, 127 F.2d 716. The denial of a discharge, including denial by reason of failure to apply within the statutory time, is res judicata and bars an application under a second proceeding for discharge from debts scheduled in the prior proceeding. Freshman v. Atkins, 1925, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Harris v. Warshawsky, 2 Cir., 1950, 184 F.2d 660; In re Frey, supra; Petition of Marano, D.C.S.D.N.Y.1951, 100 F.Supp. 64. It is evident, therefore, that petitioner's motion to vacate the ex parte order of January 31, 1952 must be granted.

Settle order on notice.

1. Facts not in the report were obtained from the Record on Appeal.

2. Contra: In re Farrow, D.C.S.D.Cal. N. Div. 1939, 28 F.Supp. 9.