In the Matter of TACOMA TRANSIT COMPANY, Debtor.

No. 22887.

United States District Court
D. New Jersey.

Dec. 27, 1962.

Moore & Howell, Newark, N. J., for debtor.

WORTENDYKE, District Judge.

On October 22, 1962, a verified petition was filed in this Court by Tacoma Tran-

sit Company, by its Trustees in Dissolution, seeking to reopen reorganization proceedings which were terminated by order of this Court entered on November 6, 1935.

Paragraphs 1 and 2 of the petition state:

"1. The Petitioner is a corporation of the State of New Jersey in dissolution, formal dissolution proceedings having been commenced in 1960 and concluded in 1961. The Petitioner was known as Tacoma Railway and Power Company until 1941, when its name was changed to Tacoma Transit Company.

"2. On June 25, 1935, the Petitioner and Puget Sound Electric Railway (which then owned all of the Petitioner's outstanding capital stock) petitioned this Court to be reorganized under Chapter 77B of the Bankruptcy Act. On October 2, 1935, this Court entered orders confirming a plan of reorganization as to both the Petitioner and Puget Sound Electric Railway. The Petitioner was the surviving corporation."

The petition further discloses that, pursuant to the plan of reorganization, bonds of the petitioner and of Puget Sound Electric Railway were exchangeable for a specified number of shares of common capital stock of petitioner. Certain of these bonds have never been exchanged, and there is due and owing to the holders of such bonds not only the common stock exchangeable therefor, but accrued regular and liquidating dividends. The Old Colony Trust Company was directed to effect the exchange of the common stock for the bonds, and holds the common stock in its name as Trustee and depositary. The liquidating dividends referred to are presently held by Puget Sound National Bank of Tacoma, Washington, former dividend paying agent of the petitioner, and the Old Colony Trust Company, and it is asserted that the former will only disburse such funds upon the direction of the latter. The liquidation of petitioner has been completed except for these monies held by these two depositories.

On July 25, 1962, the State of New Jersey commenced proceedings for the escheat of the bonds and liquidating dividends. The apparent reason for seeking to reopen the reorganization proceedings and to set a time limit within which bondholders may be required to exchange said certificates or be forever barred, is to protect the funds allocable to said bonds for the benefit of the petitioner and its stockholders against the claim of the State of New Jersey.

■■■ 11 U.S.C. § 11, sub. 8 establishes the law governing the reopening of bankrupt estates. Prior to August 22, 1938 the relevant language provided that a Court could "reopen them (estates) whenever it appears they were closed before being fully administered." Thereafter the statute was amended by the Chandler Act, the effective date being that recited above, and as amended, the statute provides that the Courts could reopen estates "for cause shown." There is no question but that the amendment established a broader test than that previously in effect. In re Zimmer, D.C.Cal. 1945, 63 F.Supp. 488. However, it appears equally clear that the present proceedings are to be governed by the stricter test imposed by the statute prior to the modification. In Petition of Marano, S.D.N.Y.1951, 100 F.Supp. 64, Judge Kaufman, referring to opinions of Judges Yankwich and Weinfeld, stated that they "have stressed the limits on the Chandler Act's retroactive effects. Whatever ambiguities are lodged in its application to *pending* matters, it is quite clearly inapplicable to *prior* matters, i. e., bankruptcy proceedings which were entirely disposed of, either by discharge or closure, before September 22, 1938." Such is clearly the situation in the case at bar.

■■ Applying the earlier rule to the present case, it is apparent that petitioner may not prevail on its ex parte application. In In re Dacus, E.D.Tenn.1940, 34 F.Supp. 841, the Court refused to reopen on the petition of the bankrupt where the

asserted ground was that the record failed to show the allowance of an amendment to certain schedules. In considering the effect of the modification of the statute, cited above, the Court there made this comment: "While the language of the Act is different, the spirit of the Act is the same. Under the old Act it was uniformly held that a former bankrupt might not have his estate reopened to list creditors not theretofore listed by him. *It was almost uniformly held that estates in bankruptcy might be reopened solely to administer assets not fully administered before the case was closed.*" There

are no new assets in the case at bar. The only deficiency in the former proceedings is the lack of a so-called bar order. Such, in my opinion, does not lead to a conclusion that the estate was closed before being fully administered. Accordingly, I find no justification, after a period of twenty-seven years, for reopening the bankrupt estate. See Hull v. Powell, 9 Cir., 1962, 309 F.2d 3, in which authorities are collected.

The petition presently before the Court is therefore denied, and the related application is dismissed this 27th day of December, 1962.